Per Curiam.

It is said that the prosecuting of a scire facias was the commencement of a new suit, which was no part of the duty of the defendant. But it is our opinion that, when an attorney undertakes to collect a debt, he is bound to sue out all process necessary to the object. A scire facias against bail is not to be considered a new suit, (a) It is a regular step in the collection of the original *290 demand; and the attorney cannot excuse himself for neglecting seasonably to sue it, unless he give notice to his client, and request specific instructions, where he entertains doubts of its expediency In the present case, the defendant sued the writ, but neglected to prosecute it. He is answerable to his client for this negligence. Nor does the failure of the bail furnish a justification for the neglect; it was not certain that the money might not be obtained, notwithstanding that failure. The jury were of opinion that the case was not desperate. We are all satisfied with the instructions under which they returned their verdict, and judgment must be rendered accordingly.

 Grosvenor vs. Danforth, 16 Mass. Rep. 74. — Parker vs. Downing, 13 Mass. Rep. 465.—Brackett vs. Morton, 4 Conn. R. 517. — Cheever vs. Mirick & Al. 2 N. H. R. 376. — But see, contra, Burr vs. Atwood, 1 Salk. 89. — 2 Salk. 603, 2d ed. — Raymond, 1252. —2 Show. 61. — Keble, 593.—Dawson on Attorneys, 34. — Bacon ab. Att. D. E. vol. 1, pp. 409, 406. — 2 Inst. 378. — 2 Bos. & Pul. 357. — Parsons vs. Gilt, 2 Lord Ray. 895. — Backellor vs. Ellis, 7 T. R. 337. —Jackson vs. Barllett, 8 Johns. R. 361. — Richardson vs. Talbet, 2 Bibb. 382. — Herd vs. Buristowe, Cro. Eliz. 177. — 2 Lord Ray. 1048.