LAURETTA MARCO, *in Eq.*, *versus* JOSEPH W. LOW.

This Court, sitting as a court of equity, may, upon a proper bill duly served, enjoin the respondent from further prosecuting, in this Court as a court of law, a writ of entry in favor of the respondent against the complainant, notwithstanding the respondent may not have resided, or personally been within this State, since the commencement of the bill.

When such bill is inserted in a writ of attachment, and the respondent's property situated within this State has been attached thereon, service of the bill made upon the person who appears and prosecutes the respondent's real action is sufficient.

BILL IN EQUITY, heard on demurrer.

The bill was inserted in a writ of attachment, dated Dec.

18, 1865, and served by copy and summons, Dec. 19, 1865, on Charles P. Stetson, Esq., the alleged attorney of the respondent. The bill was entered at the January term, 1866, for this county. At the succeeding April term, the Court ordered that service be made on the respondent, in California, by giving him an attested copy of the bill. At the succeeding January term, the notice as ordered was proved; and there being no appearance for the respondent, the Court ordered that said Low be enjoined from prosecuting his suit at law against the complainant then in said Court, for this county, and from conveying the premises described in said bill until further order. At the succeeding October term, 1867, the complainant's counsel moved that the injunction be made perpetual, whereupon said Stetson suggested as *amicus curiæ*, the want of jurisdiction. The presiding Judge suggested that the suit would be defaulted and the bill taken *pro confesso*, unless an appearance was entered for the respondent, and thereupon the said Stetson appeared to object to the jurisdiction, and filed a demurrer, therein alleging that it appeared by the complainant's bill that the respondent is not, and, at the time of filing said bill, was not within the jurisdiction of this Court, but then was and now is a citizen of the State of California, and that no process had been served on the respondent within the jurisdiction of this Court.

It was admitted that, in the fall of 1864, six months after the commencement of the action at law, (*Low* v. *Marco*,) the respondent moved from this State to the State of California, and has ever since resided in and been a citizen of California, and at the date of the bill or writ in this suit had no property in this State except the premises described in this bill and in controversy in *Low* v. *Marco*.

*C. P. Stetson*, for the respondent.

A bill in equity must be dismissed when persons who are necessary parties refuse to appear and the Court has no power to reach them. Adam's Eq., § 323; *Picquet* v. *Swan*, 5 Mason, C. C. R., 561; *Mallon* v. *Hinde*, 12 Wheat., 193;

*Æquitas agit in personam,* Story's Eq. Pl., § 489; *Spurr* v. *Scoville,* 3 Cush., 578. In all suits in equity, the primary decree is *in personam,* 2 Story's Eq. Juris., §§ 743, 744. Jurisdiction of equity in granting injunctions either to restrain proceedings at law, or for any other purpose, is necessarily subject to the rules defining and restraining its general jurisdiction. 3 Lead'g Cases in Eq., 201. An injunction to restrain a judgment acts on the parties. 2 Story's Eq. Juris., § 875; 3 Lead'g Cases in Eq., 201; *Porter* v. *Vaughan,* 24 Vermont, 211, 216; *Dehon* v. *Foster,* 4 Allen, 550. Service in California was not valid. *Spurr* v. *Scoville, ubi sup.*

Service upon the attorney is valid only so far as to make good a judgment against the property attached. It has no effect *in personam. Lovejoy* v. *Albee,* 33 Maine, 414; *Spurr* v. *Scoville, supra.*

The attorney in a suit at law is not necessarily attorney for the same party in a suit in equity. The bill in equity should have been brought when levy was made, *vigilantibus et non dormientibus,* &c. *Cartwright* v. *Clark,* 4 Met., 105. Complainant may enforce his equitable rights in California. *Dehon* v. *Foster, ubi supra.* It is no farther from here to California than from California here. Counsel also cited *Beals* v. *Cobb,* 51 Maine, 343.

*A. W. Paine,* for the complainant.

Barrows, J. —The single question presented on this demurrer is whether a citizen of another State, who has not, since the filing of the bill, personally been within this jurisdiction, but who is engaged in prosecuting before this Court, sitting as a court of law, a claim against the complainants for land lying in this county, is so far within the jurisdiction of this Court, sitting in equity, as to be liable upon service made on his attorney in the suit at law, and notice to himself in the State where he resides, to an injunction against the further prosecution of his suit, when it appears,

by the bill and demurrer, that his claim to the land is founded upon fraud in which he is a partaker.

If he is so liable, this demurrer must be overruled, whether other relief prayed for in the bill can or cannot be granted.

The bill contains distinct prayers that Low may be ordered to convey the premises in controversy to the complainants, — that he may be enjoined from conveying them to any one else, and that he may be enjoined from the further prosecution of his suit at law against the complainants for the possession. The facts in the case are as disclosed in *Low* v. *Marco & al.*, 53 Maine, 45, and need not be here further particularly recited.

In support of the demurrer, Mr. Stetson, Low's attorney in the suit at law, appearing here only to object to the jurisdiction, places his main reliance upon the maxim *Æquitas agit in personam*, contending that neither the service made upon him, as attorney of Low in the real action, nor the personal notice to Low in California, where he resides, could give this Court jurisdiction in the premises, and that, inasmuch as Low is not and has not been since the filing of the bill personally within the jurisdiction of the Court, it has no power to enforce any decree that might be made against him, and will therefore make none, but dismiss the bill.

1. As to the mode and sufficiency of the service. R. S., c. 77, § 9, provides for the insertion of a bill in equity in a writ of attachment, in such case " to be served as other writs." By R. S., c. 81, § 17, if the defendant was never an inhabitant of the State or has removed therefrom, where (as here) goods and estate are attached, service may be made on his tenant, agent or attorney.

That Mr. Stetson, though not specifically instructed to attend to this process in equity, is to be considered the attorney of Low in this behalf, does not admit of a doubt. The process grows out of and is directly connected with the suit at law in which Low employed him. In the faithful prosecution of his duty under that employment, it is incumbent on him to look after his client's interests in this suit.

The original employment of an attorney to collect a demand authorizes him to receive the money paid in redemption of land taken on the execution which he sues out; *Gray* v. *Wass*, 1 Greenl., 257 ; and to control the remedy and all proceedings arising out of or connected with it; *Jenney* v. *Delesdernier*, 20 Maine, 183. That employment makes it his duty to follow up the original suit with such further proceedings as may be necessary to charge bail taken therein and to collect of them in default of the principal; *Dearborn* v. *Dearborn*, 15 Mass., 315 ; and even to institute process for the reversal of an erroneous judgment rendered against his client in the original suit; *Grosvenor* v. *Danforth*, 16 Mass., 74. It would be strange doctrine to hold that he was not authorized to attend to a counter process issuing out of the same Court and striking directly at the foundation of his right to maintain the suit in which he was employed.

We hold the service upon Mr. Stetson a sufficient service of this bill, so far at least as the prayer for an injunction against the prosecution of the action, *Low* v. *Marco & ux.* is concerned. Perhaps, if other relief is sought, it may be found that the personal notice to Low, given out of abundant precaution, was requisite.

2. But it is strenuously urged in support of the demurrer that, although Low's real estate is attached, yet, since his person is not within reach of our process, no decree in equity can pass against him. To compel him, where he is, to do what equity requires, — perhaps not, — but to prevent him from doing within our own jurisdiction what equity forbids, assuredly there is power. To hold otherwise would be as disgraceful as it is absurd on its face. He who brings suit in the courts of a State must be considered as submitting all that pertains to the maintenance of that suit to the jurisdiction of those courts which have cognizance of the matter in controversy where the remedy is sought.

The doctrine that a citizen of another State can seek and

compel the aid of this Court to enforce at common law, a claim, which in equity we should forbid one of our own citizens to prosecute for a day, is simply monstrous. The maxim relied, upon can have no application in such case.

*Spurr & al.* v. *Scoville*, 3 Cush., 578, was totally different. The whole object of the bill there, as stated by the Court, was to compel the defendant to execute a conveyance of land lying in Massachusetts, according to his contract. The Court declined, for want of jurisdiction, to decree a specific performance, the defendant, a citizen of Connecticut, never having been served with process in Massachusetts. The defendant was pressing no claims as a plaintiff in the courts of Massachusetts. Nothing in the decision can be construed as disclaiming the power to prohibit him from doing, either personally or by attorney, in that Commonwealth, that which might be found contrary to equity.

In *Chalmers* v. *Hack*, 19 Maine, 124, WHITMAN, C. J., alludes to the power of this Court to enjoin a non-resident plaintiff at law, upon service made on his attorney at law, as too manifest to require even a positive assertion, while, for want of jurisdiction of the person, or of estate within this State subject to a distringas, he says that, independent of that object no bill could be sustained. The remedy there was refused only because the complainant was deemed to have a sufficient remedy at law. That such is not the case here sufficiently appears in the opinion of the Court in *Low* v. *Marco & ux.*, 53 Maine, 45.

The defendant here can prosecute his suit against the complainants only by the intervention of an attorney, who would be personally present in Court in this State. An injunction in its ordinary form runs not against the principal party only, but against his servants, agents and attorneys, also. The Court would easily find means to enforce obedience to their decree in this respect.

Whether the other and further relief sought can be afforded, or what effect our statute authorizing the attachment of property on a bill in equity inserted in a writ, may have

upon that question, need not now be determined or discussed. *Demurrer overruled.*

APPLETON, C. J., CUTTING, KENT, DICKERSON and DANFORTH, JJ., concurred.