JOHN W. CONNETT

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa May 15, 1885.*

1. CITY ATTORNEY—*his power in respect to an appeal.* A city attorney elected by the people, whose duty it is to look after and protect the interests of the city in all legal controversies; will have power, on behalf of the city, to pray for an appeal from a judgment against the city, and prepare the necessary steps for taking the same. All his acts within the scope of his authority will be binding on the city.

2. SAME—*duty in respect to suits, and presumption in respect thereto.* After having taken the necessary steps for an appeal from a judgment against the city, it is the duty of the city attorney to report the condition of the case to the city council, together with his views in respect to the propriety of taking the appeal; and in the absence of proof to the contrary, it will be presumed he has discharged his duty in such respect.

3. SAME—*validity of agreement to submit to arbitration, made by him, when not disaffirmed, or is ratified by city.* Where a city attorney, after praying for an appeal from a judgment against the city, agreed with counsel for the plaintiff to submit the question of the liability of the city to the arbitrament and decision of an arbitrator, if the city council, after the lapse of several months, made no objection to the agreement to arbitrate, and afterward availed of the decision of the referee by bringing suit to have his decision carried into effect, it was *held,* that the other party could not avoid the effect of the award on the ground of want of authority on the part of the city attorney to bind the city by his agreement.

4. RATIFICATION—*of acts of agent.* Where a contract entered into on behalf of a named principal, is one which the principal himself might lawfully make, it may be ratified by the principal, and thus given effect. Such ratification may be shown by circumstances, or it may be inferred by acquiescence after notice.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. STILES & LEWIS, for the appellant:

The city attorney had no authority to make the agreement sought to be enforced. The general authority of a city at-

torney in a suit is no more than that of an attorney in any suit. *People* v. *Mayor*, 11 Abb. Pr. 66.

The power of an attorney after judgment extends only to the issuing of execution and receiving the debt. *Kellogg* v. *Gilbert*, 10 Johns. 220; *Jackson* v. *Bartlett*, 8 id. 361.

It has been held in this State that a solicitor's connection with a case terminates with the final decree, and that notice to the solicitor of a motion to modify the decree, is not, for that reason, notice to the party. *Swift* v. *Allen*, 55 Ill. 303. Other cases imply a similar doctrine. *Quinn* v. *Lloyd*, 5 Abb. Pr. 281; *Richardson* v. *Talbot*, 2 Bibb. 382; *Herbert* v. *Montgomery*, 5 Dana, 11; Weeks on Attorneys, sec. 250.

After judgment a new attorney may appear, and take any step that is necessary to enforce the judgment, without a substitution. *Thorp* v. *Fowler*, 5 Cow. 446; *Tiffing* v. *Johnson*, 2 Bos. & Pul. 357; *Marr* v. *Smith*, 4 B. & A. 466; *Egan* v. *Rooney*, 38 How. Pr. 121.

The old attorney has no authority, by virtue of his original retainer, to prosecute an appeal or writ of error. *Covill* v. *Phy*, 24 Ill. 37; *Batchelder* v. *Ellis*, 7 T. R. 337; *Ex parte Holbrook*, 5 Cow. 35.

An appeal is a new action brought by the party appealing, and, like a writ of error, may be prosecuted by a new attorney. To take a case up by appeal or writ of error, a new retainer is necessary. *Covill* v. *Phy*, 24 Ill. 37; *Batchelder* v. *Ellis*, 7 T. R. 337; *McLaren* v. *Chainer*, 5 Paige, 530; *Butt* v. *Allen*, 19 How. Pr. 450; *McDonald* v. *McConkey*, 54 Cal. 143.

No city officer can bind a city by a submission, without special authority. Power must be exercised by ordinance or resolution. *City of Shawneetown* v. *Baker*, 85 Ill. 563; Dillon on Mun. Corp. sec. 478.

Generally, an agent can not bind his principal by an agreement to arbitrate, without special authority. *Railroad Co.* v. *Gouger*, 55 Ill. 503; *Trout* v. *Emmons*, 29 id. 433; *Ingraham* v. *Whitman*, 75 id. 24; Morse on Arbitration, 10, 11.

There is no inclination in Illinois to enlarge the implied powers of an attorney in a suit at law. He has no power, simply by virtue of his general retainer, to compromise the suit, (*Nolan* v. *Jackson*, 16 Ill. 272, *Wadhams* v. *Gay*, 73 id. 416,) or to waive his client's rights, (*Wadhams* v. *Gay*, 73 Ill. 416,) or to consent to judgment against his client, (*People* v. *Lamborn*, 1 Scam. 123, *Wadhams* v. *Gay*, 73 id. 416,) or to bind his client by any agreement outside of the conduct of the cause. *Brooks* v. *Kearns*, 86 Ill. 547.

Mr. CLARENCE A. KNIGHT, for the appellee:

The authority conferred upon an attorney includes all the necessary and usual means of executing with effect. Story on Agency, sec. 58; *Foster* v. *Wiley*, 27 Mich. 244; *Clark* v. *Ramsdell*, 9 Wis. 128; *Railroad Co.* v. *Koerne*, 3 Bradw. 250.

The effect of a retainer to prosecute or defend a suit, is to confer on the attorney all the powers exercised by the forms and usages of the court in which the suit is pending. *Inhabitants* v. *Inhabitants*, 16 Mass. 74; *Adams* v. *Robinson*, 1 Pick. 462; *Holke* v. *Parker*, 7 Cranch, 436; *Buckland* v. *Conway*, 16 Mass. 396; *Abbe* v. *Rood*, 6 McLean, 106.

An agreement to refer a cause or to arbitrate, comes within the scope of the Attorney General's contract. *Scarborough* v. *Reynolds*, 12 Ala. 252; Weeks on Attorneys, 403; *Winslow* v. *Anderson*, 4 Mass. 377; *Stokely* v. *Robinson*, 34 Pa. 315; *Coleman* v. *Grubb*, 23 id. 393; 55 N. H. 559; *White* v. *Davidson*, 8 Md. 169; *Hanson* v. *Hoitt*, 14 N. H. 56; 33 id. 479.

A corporation will be bound, like any other client, by the submission of its counsel entered into, in a cause; and it is not necessary that there should be any document executed, with the corporate seal, in order to confer authority upon the counsel. Morse on Arbitration, 19; Russell on Arbitration, 26.

Counsel employed to bring or defend a cause, have power to submit it to arbitration. Morse on Arbitration, 15.

An attorney should take measures to have a judgment reviewed, if the client is in such a condition that he can not be consulted. Weeks on Attorneys, 421.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

The wife of John W. Connett, the appellant, received an accidental injury, in the city of Chicago, on the 6th of September, 1869, occasioned by a defective sidewalk. On the 17th of June, 1874, Connett commenced an action of assumpsit against the city, to recover expenses incurred by him for the nursing, attendance and treatment of her while disabled from said injury. On March 2, 1876, the form of the action was changed, at the instance of plaintiff, from assumpsit to an action on the case, whereupon a new declaration was filed in the cause, charging the city, in the usual form, with negligence in permitting the sidewalk in question to be and remain out of repair, etc., whereby the injury was occasioned, etc. To this declaration the city filed three pleas: First, the general issue; second, that the cause of action did not accrue within five years next before the change of the form of action from assumpsit to case; and third, that the cause of action did not accrue within five years next before the commencement of the suit. A demurrer was sustained to the second plea, and issues joined on the other two. The cause was tried on these issues March 20, 1876, resulting in a finding and judgment in favor of the plaintiff for $1500. From this judgment the city prayed an appeal. Before the appeal was perfected, to-wit, on the 22d of April, 1876, Egbert Jamieson, city attorney, acting on behalf of the city, and Messrs. Tuley, Stiles & Lewis, the attorneys of record of Connett, acting on his behalf, entered into the following agreement:

"There is submitted to his Honor, Judge W. K. McAllister, the following questions only: Was defendant's second plea a good plea in bar, and does the evidence sustain the third

plea in bar of plaintiff's action.  It is agreed that if the decision should be in favor of the defendant, the plaintiff shall release said judgment; if in favor of plaintiff, then the appeal prayed by the city should be withdrawn."

In pursuance of the above submission, in the month of June following, Judge McAllister rendered his decision upon the questions submitted, both of which were determined by him in favor of the city.  Connett having declined to release the judgment, the city, on the 11th day of January, 1878, filed the present bill to enjoin the collection of said judgment, and to compel Connett to enter satisfaction thereof on the record.  Upon the hearing, the circuit court of Cook county entered a decree in conformity with the prayer of the bill, which, on Connett's appeal, was affirmed by the Appellate Court for the First District, whence the cause is brought to this court.

The decree in this case is assailed solely on the alleged ground that the action of the city attorney in entering a motion for an appeal from the judgment against the city, and also in entering into the agreement with Connett to submit the questions involved in the proposed appeal to the arbitrament and decision of Judge McAllister, was unauthorized, and consequently not binding upon the city.  This being assumed, the conclusion is drawn, that, inasmuch as the city was not bound, Connett himself was not, and that he consequently had a right to enforce his judgment against the city.  In support of this view of the case, counsel for appellant have formulated, in their brief, quite a number of general propositions, accompanied by numerous adjudicated cases supporting them, to the effect that the authority of an attorney employed to defend a suit, ends with its determination; that the power of the plaintiff's attorney, "after judgment, extends only to the issuing of execution and receiving the debt;" that a retainer of an attorney to prosecute or defend in a trial

court does not authorize him to prosecute an appeal or writ of error in the same case; that an attorney, merely by virtue of his retainer, has no power to submit the cause to a common law arbitration;. and that, generally, an agent can not bind his principal by an agreement to arbitrate, without special authority. These several positions, considered as general propositions, are not at all questioned. We are of opinion, however, a city attorney, elected 'by the people, occupies a somewhat different position from one employed to prosecute or defend in a particular case. Subject to the general supervision which the city council has over him, it is his duty to look after and protect the interests of the city in all legal controversies and litigation, so far as he is able, unless directed by the city to the contrary, and his acts, within the general scope of his authority, will be deemed the acts of the municipality. It is his duty, from time to time, to report to the corporate authorities the condition of all suits of which he has charge, and other legal matters referred to him for investigation or adjustment, whether pending in court or out of court. The general principle that officers are presumed, in the absence of anything to the contrary, to do their duty, applies equally to a city attorney in the discharge of these duties. Such being the general scope of his powers and duties, we do not concur in the view that the city attorney had no power or authority, after judgment passed against the city, to enter a motion on its behalf for an appeal. On the contrary, we are of opinion that he not only had the power, but that it was highly proper for him to do so. After having thus prepared the way for an appeal, it was his duty to report the condition of the case to the city, together with a statement of his views with respect to the propriety of taking the appeal,—and it is presumed he performed his duty in this respect.

It is not necessary to inquire whether the city attorney, by virtue of his general powers, was authorized to enter into the

agreement with appellant by which the decision of the case was referred to Judge McAllister, for it may be conceded he was not. We also agree with counsel for appellant that said agreement, if valid at all, is valid as a contract, and that in determining its force and legal effect, the general rules and principles applicable to other contracts purporting to be made by an agent on behalf of a principal, are to be applied. It is, however, to be noted, the city is not complaining, here, that there was no authority in the city attorney to make the contract on its behalf, nor is there the slightest evidence in the record tending to show that such authority did not exist. But it is answered that the burden is upon appellee to show affirmatively the existence of such authority. Concede the circumstances disclosed by the record fail to show precedent authority, yet they are clearly sufficient to establish a subsequent ratification, which practically amounts to the same thing. *Omnis ratihabitio retrotrahitur et mandato priori æquiparatur.* No doctrine of the law is better settled than that where the contract entered into on behalf of a named principal is one which the principal himself might lawfully make, it may be so ratified, and thus given effect. Nor is it necessary such ratification should be express. It may, like most other facts *in pais*, be proved by circumstances. (Abbott on Trial Evidence, 41-43; Bishop on Contracts, sec. 330.) So a ratification may be inferred from acquiescence after notice. (*Gold Mining Co.* v. *National Bank*, 6 Otto, 646; *Benedict* v. *Maynard*, 4 McL. 569; *Abbe* v. *Rood*, 6 id. 108.) So where an agent had, without authority, entered into an agreement to submit a controversy to arbitration, a suit by the principal on the agreement was held a sufficient ratification. (*Smith* v. *Morse*, 9 Wall. 82. See, also, Chitty on Contracts, 10th Am. ed. page 15, *et seq.*) In this case, it will be remembered, the contract was entered into in April, and the decision of Judge McAllister was not rendered until in June

following, and it may well be presumed the city could, hardly, during all this time, have been ignorant of its existence, and that the case was then pending for decision before the court. Such being the case, if the agreement was not made by its authority, the city should have interposed, and not having done so, under the circumstances its silence will, at least as against appellee, be deemed a ratification.

What is here said of appellee's duty to speak, applies with equal force to appellant. With eminent counsel to advise him, he deliberately entered into the contract, or, at least, his counsel did, on his behalf, (and he does not question their authority to do so,) after which he quietly stood by, speculating on the chances of a favorable decision from Judge McAllister, never intimating a doubt as to the authority of the city attorney to bind the city, until after the case was decided against him,—then, for the first time, when the existence of such authority could be of no possible advantage to him, by reason of the decision being against him, is the question in respect to it raised, for the sole purpose of defeating an agreement he would gladly have profited by. Such a defence as this, under the circumstances shown, does not commend itself to a court of equity. By his entering into the agreement, and his inexcusable delay in raising any question as to a want of authority in the city attorney to make it, the city lost its right of appeal, and it would be clearly inequitable to permit appellant to profit by such a course of conduct.

But waiving all this, we hold the filing of the present bill is of itself sufficient evidence of a ratification, on the part of the city, of the agreement in question, which is fatal to the defence of appellant, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*