JERSEY CITY AND BERGEN RAILROAD COMPANY, PLAINT-
IFF IN ERROR, v. JAMES E. MORGAN, DEFENDANT IN
ERROR.

A genuine silver coin worn smooth by use, not appreciably diminished in
weight, and distinguishable, is a legal tender for car fare; and if ejected
for refusal to make other payment, the passenger may have an action
for damages.

On error to the Hudson Circuit Court.

Argued at June Term, 1889, before BEASLEY, CHIEF JUS-
TICE, and Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in error, *Vredenburgh & Garretson.*

For the defendant, *Thomas J. Kennedy.*

The opinion of the court was delivered by

SCUDDER, J.    The defendant company was running a horse
car railroad in certain streets of Jersey City.    The plaintiff
below and his wife entered one of their cars, and after riding a
short distance, he handed to the conductor, in his own lan-
guage, "one of the coins, ten cents, a smooth American coin."
The amount was right for two fares, but the conductor refused
to receive the coin because it was worn smooth.    The plaintiff
protested, paid his wife's fare, five cents, with another small
coin, and on refusal to pay for himself with any other money
than the dime he had offered, was ejected from the car.    This
action was brought to recover damages for the alleged unlawful
ejection, and a recovery had by the verdict of a jury.    On the
writ of error in this court, the single question presented is,
whether the judge, in his charge to the jury, gave the proper
direction.    He said that the plaintiff "tendered this ten cent
piece, a genuine and recognizable coin of the United States,
and that was his lawful fare, provided that you believe that
the coin is in the condition in which it was when issued from

the mint, except as it has been changed by proper use.   If there has been no other abrasion, no other wearing away, no other defacement of that coin except such as it has received in the passing from hand to hand, then it is still, under the laws of the country, a good ten cent piece, and was the fare of the plaintiff.   If you think it has been otherwise changed, willfully changed, &c., it has ceased to be a lawful coin of the country, and it has ceased to be lawful tender."

This instruction, we think, was substantially correct.   By the act of March 3d, 1875 (*Rev. Stat. U. S.,* § 3586), " the silver coins of the United States shall be a legal tender at their nominal value for any amount not exceeding five dollars in any one payment."

By the act of January 9th, 1879 (*Sup. Rev. Stat. U. S.* 488), the holder of any of the silver coins of the United States of smaller denomination than $1 may, on presentation of the same in sums of $20, or any multiple thereof, at the office of the treasurer of the United States, receive therefor lawful money of the United States.

Section 3 increases the legal tender of silver coin to the sum of $10 instead of $5 under the previous statute.

In Section 3585 of the Revised Statutes the gold coins of the United States are made a legal tender in all payments at their nominal value when not below the standard weight and limit of tolerance for the single piece; and when reduced in weight below such standard and tolerance shall be a legal tender at valuation in proportion to their actual weight.   The limit of tolerance for gold coin referred to is found in sections 3505 and 3511 to be when reduced in weight by natural abrasion not more than one-half of one per centum below the standard weight prescribed by law, after a circulation of twenty years, as shown by the date of coinage; and at a ratable proportion for any period less than twenty years.   This particularity in the limitation and allowance as to gold coin, is not found in the case of natural abrasion in silver coins. This difference is very noticeable and important in a question of statutory construction and legislative intention.   It seems

by these statutes that so long as a genuine silver coin is worn only by natural abrasion, is not appreciably diminished in weight, and retains the appearance of a coin duly issued from the mint, it is a legal tender for its original value. *United States* v. *Lissner*, 12 *Fed. Rep.* 840.

The coin in question in this case was shown in court to the jury. It does not appear in the evidence to have been so worn that it was light in weight, or not distinguishable as a genuine dime. With no limitation put upon its circulation by the government, it would seem that none was intended so long as it was not defaced, cut or mutilated, and was only made smooth by constant and long continued handling while being circulated as part of the national currency.

The instruction was right, as the facts appear and as the jury found them, and the judgment will, therefore, be affirmed.