NORTH HUDSON COUNTY RAILWAY COMPANY, PLAINTIFF IN ERROR, v. CLARENCE ANDERSON, DEFENDANT IN ERROR.

1. A dollar bill, from the upper left-hand corner of which a piece one inch and a half by one inch and a quarter had been torn, is not a legal tender for car fare, and the conductor may eject a passenger who refuses to make other payment.    He was not bound to accept a bill which was substantially mutilated.    If any part was absent, which might aid in determining whether it was genuine, he was under no duty to receive it.

2. The rules of the Treasury Department of the United States in regard to the redemption of mutilated notes relate simply to redemption, and do not affect the question of legal tender.

On error to the Essex Circuit Court.

For the plaintiff in error, *George Holmes.*

For the defendant in error, *Warren Dixon.*

The opinion of the court was delivered by

VAN SYCKEL, J.    Anderson, the plaintiff below, tendered the conductor on a car of the company defendant below a mutilated $1 note for his car fare.    The conductor refused to accept the note because it was imperfect, and put Anderson off the car for not paying his fare.    Thereupon Anderson brought suit to recover damages for the alleged wrongful act of the conductor.

The evidence of Anderson was that a piece one inch and a quarter by one inch and a half had been torn from the upper

left-hand corner of the bill, while the evidence on the part of the company was that the piece torn off was two and a half inches by one inch and three-quarters.

The trial court was requested by the counsel of the company to charge the jury that the note was not a legal tender for the car fare, which request the court refused to grant.

On the contrary, the court did charge that the note was a legal tender.

To the refusal to charge as requested and to the charge as made the defendant company excepted, and error is thereupon assigned.

The case of *Jersey City and Bergen Railroad Co.* v. *Morgan,* 23 *Vroom* 60, is relied upon to support the ruling of the trial court, but it is not parallel. There a genuine silver coin, worn smooth by use, not appreciably diminished, in weight, and distinguishable as a coin duly issued from the mint, was held to be a legal tender.

The United States statutes make certain paper money legal tender, but there is no provision that part of such notes shall be impressed with that quality.

The rules of the Treasury Department with regard to the redemption of mutilated notes relate simply to redemption and do not make such notes legal tender.

The company was not under any obligation to take upon itself the burden of applying to the Treasury Department at Washington for a perfect note nor to assume the risk of failing to obtain it. The conductor had the right to demand an entire bill, and was not bound to accept one from which a portion had been torn. If any part was absent which might aid in determining whether it was a genuine bill, he was under no duty to receive it. The portion torn off the bill presented in this case constituted a substantial mutilation of it. It was not a legal tender, and the trial court erred in refusing so to charge.

The judgment below should therefore be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH.    15.