LIDA B. DELANEY, PLAINTIFF IN ERROR, v. THOMAS J. HUSBAND, DEFENDANT IN ERROR.

64 275
64e 745
64 275
69 547

Argued November 29, 1899—Decided January 15, 1900.

1. A motion to dismiss a writ of error because it was issued and is prosecuted without authority from the plaintiff may lawfully be made by the defendant.
2. A retainer to prosecute a suit does not of itself constitute a retainer to bring a writ of error to reverse a judgment rendered in that suit.
3. The fact that an attorney has a disputed agreement with his client, which, if established, would entitle him to a share of whatever money might be recovered in a certain cause, will not warrant the attorney in prosecuting as attorney of record for his client, but against her will, a writ of error to reverse a judgment rendered in the cause.

On error.

For the motion to dismiss writ of error, *George H. Peirce* and *Charles V. D. Joline.*

*Contra, Samuel M. Roberts.*

The opinion of the court was delivered by

DIXON, J. The plaintiff brought an action in the Camden Circuit for breach of promise of marriage, and at the trial was nonsuited. Afterwards a writ of error to review the judgment was issued out of this court, and now the defendant moves that the writ be dismissed because it was issued and is prosecuted without authority from the plaintiff.

Such a motion may lawfully be made by the defendant. *Hubbart* v. *Phillips,* 13 *Mees. & W.* 702. In the present case it is concurred in by the plaintiff and supported by her affidavit, but it is resisted by the plaintiff's attorney on the ground solely that, by agreement with the plaintiff, which she denies, he will be entitled to two-fifths of the money that may ultimately be recovered.

The retainer for the original suit did not of itself consti-

tute a retainer to bring a writ of error, which begins a distinct action, commenced, according to the common law, by an original writ issuing out of Chancery. 2 *Tidd. Pr.* 1051, 1065; *Batchelor* v. *Ellis,* 7 *T. R.* 337; *State* v. *Gulick,* 2 *Harr.* 435; *Lee* v. *Heath,* 32 *Vroom* 250; 1 *Arch. Pr.* 487. Nor does the attorney in this case show any additional authorization outside of the alleged agreement, but, on the contrary, it appears that before the writ of error was issued the plaintiff forbade his proceeding further on her behalf. Unless, therefore, the disputed agreement entitles him to prosecute the writ the defendant's motion must prevail.

An attorney of record stands in a twofold relation—he is the representative of his client, and he is an officer of the court. In the former relation he is to defend and enforce his client's rights and is subject to his client's orders, but he should not in that relation use his position to prosecute his own claims which are adverse to his client. In his relation as an officer of the court, there are certain rights belonging to him against his client, which the court will permit him to secure by force of his position as attorney on the record, but the nature of these rights is defined by general rules, and is not to be enlarged by private contract. Thus, an attorney of record cannot be removed without leave of the court, and such leave will ordinarily not be granted, except on paying or securing to the attorney his proper fees and disbursements in the cause. So, after a judgment or order for payment of money in favor of his client, he has what is sometimes called a lien thereon for his costs (*Braden* v. *Ward,* 13 *Vroom* 518), which, however, Chief Justice Cockburn, in *Mercer* v. *Graves,* *L. R.,* 7 *Q. B.* 499, described as "only a claim or right to ask for the intervention of the court for his protection, when, having obtained judgment for his client, there is a probability of the client depriving him of his costs." In *Rooney* v. *Second Avenue Railroad Co.,* 18 *N. Y.* 368, this right was extended so as to cover any portion of the damages that may have been stipulated as the compensation for the attorney's services. But as this right does not attach until an order or

*35 Vroom.*      Cantrell v. Erie R. R. Co.

judgment in favor of the client is rendered, it can have **no** bearing on the matter now under consideration.

Outside of these rights an attorney of record may not use his position in contention with his client. By this we do not mean that an attorney may not acquire other rights and be entitled to other remedies against his client, for undoubtedly he has a lien for his general balance upon all deeds, papers and moneys belonging to his client, which have come to his hands in the course of, and with reference to, his professional employment. 1 *Arch. Pr.* 106, 107. He may also, by lawful agreement with his client, obtain an interest in the cause of action or in any recovery to be had thereon, which he will be entitled to protect and enforce by such remedies as would be available to other persons having the same interest. But as these rights do not legally grow out of or depend upon his position as attorney of record in an undecided cause, so that position cannot be used to maintain them. The opposite doctrine would tend to subvert that confidence between attorney and client during litigation with the client's adversary, which public policy so strongly favors.

Let the writ be dismissed.