[No. 5860.]

TOBLER ET AL. v. NEVITT.

Attorney—Implied Authority—The implied authority of an attorney considered.—(235, 239)

An attorney employed merely to try a litigated case has no implied authority to prosecute an appeal or writ of error or do anything on behalf of his client looking to the review of the judgment.—(239)

*Appeal from Saguache District Court*—Hon. CHARLES C. HOLBROOK, Judge.

Mr. J. W. DAVIDSON, for plaintiff in error.

Mr. Geo. T. Sumner, and Mr. Jno. H. Nevitt, for defendants in error.

Mr. Justice Campbell delivered the opinion of the court:

Emil Tobler and Frances Tobler were plaintiffs in an action which was tried in the district court of Saguache county. Its object was to obtain an injunction against threatened acts of defendants therein. The judgment went against plaintiffs, and the action was dismissed. John Nevitt was the official stenographer of that court, and took notes of the proceedings at the trial. After the trial was finished and the case was submitted to, and taken under advisement by, the court, the plaintiff says that Ira J. Bloomfield, who was one of the attorneys retained by the Toblers in, and who helped try, the action, ordered Nevitt to write out in long-hand a copy of the evidence, which he did. The defendants refusing to pay for the same, Nevitt brought this action against them and recovered judgment, from which they appealed.

There is a direct conflict between Nevitt and Bloomfield, the former asserting, the latter denying, the employment. As the law, applicable to the facts as testified to by plaintiff, is not what the court gave to the jury, we assume, for our present purpose, that his version of the controversy is correct. The plaintiff does not claim that the evidence was used in the trial of the case for the convenience of counsel, or for the benefit of the trial judge in making findings, or that it was ordered for either purpose; but he says that there was no restriction made by him as to the use defendants were to make of it, though he was not employed to write it out until after the trial was over and the court had taken the case under advisement. Bloomfield was not the general attorney

for the Toblers. He was retained by them for a
special purpose, which was to conduct the trial in
the district court to a final determination therein,
and at its conclusion, his fee was paid and his con-
nection with the case ceased. He was not retained,
or authorized, to appeal the case or sue out a writ
of error to the final judgment in case it went against
his clients, unless the special retainer above men-
tioned, in law, gave him such authority. While the
plaintiff says that no restriction or limit was placed
upon the use to be made of the transcript when pre-
pared, he must have known, as the evidence conclu-
sively shows, that it was not, and could not be, used
by Bloomfield or his clients in the trial of the case,
for that had theretofore terminated, and that it was
not to be read by the judge preparatory to his find-
ings, since plaintiff did not have it prepared until
after the entry of judgment. At the time plaintiff
says he was employed to transcribe the evidence, the
cause had been, as we have seen, submitted to the
trial court. In a letter written by him to Bloomfield
several weeks later, and after entry of judgment
against Bloomfield's clients, plaintiff referred to
that judgment, and in that connection said, in sub-
stance, that he supposed an appeal would be taken
and his transcript, though not then, soon would be,
completed. This shows that plaintiff himself sup-
posed that the transcript was to be used, if at all, by
plaintiffs in connection with a review in the supreme
court, and not by the trial judge in reaching his
conclusion. The case then is one where the action is
against the client, and where an attorney, retained
specially to try a litigated issue in the district court,
and without special authority from his client, em-
ploys the official stenographer in advance of judg-
ment, and before it can be known what that judg-
ment will be, to write out, from his notes, the evi-

dence introduced at the trial for use on a review of the judgment in the supreme court. The court specifically instructed the jury that if Bloomfield was attorney for defendants in the case in the district court, and ordered plaintiff to write out the evidence produced in the trial of that case, or to make a transcript thereof, even though they should find that Bloomfield had no special authority from his clients to give the order, plaintiff was entitled to recover, unless he then knew of the termination of the relation of attorney and client. In this we think the court was wrong as applied to the facts of this case. At common law, the general rule is, that the authority of an attorney to represent his client in an action ceases upon its final determination and the entry of judgment. Especially was this true as to the defendant's attorney—or, more accurately speaking, the attorney for the defeated party. The attorney for the prevailing party was empowered, under his employment as attorney, to enforce collection of that judgment by suing out a writ of execution. A distinction is also made by some of the authorities between the power of an attorney who is retained to try a litigated issue and one employed to collect a debt. In the former case, his authority is usually regarded as ending with the trial of the case. In the latter he may, it seems, appeal from the judgment, if it is against his client, or sue out a writ of error to reverse it without a new retainer. If Bloomfield had ordered plaintiff to write out a transcript of the evidence for use in the trial of the case in the district court, or for the benefit of the judge as an aid to him in making findings, defendants would have been bound thereby. It does not follow, however, that Bloomfield, merely by virtue of his retainer to try the litigated issue in the district court, had authority to appeal, or bind his client by a

direction to the stenographer to transcribe the evidence for use in the reviewing court. The testimony is uncontradicted that Bloomfield was employed by defendants as one of several attorneys to try the litigated issues in, and his employment ceased when the case was submitted to, the district court. He was not specifically authorized by defendants to take any steps looking to a review or reversal of such judgment as the court might thereafter pronounce against his clients. The plaintiff is a lawyer, as well as official stenographer of the court, and is presumed to know what authority an attorney possesses by virtue of his retainer to try a litigated issue.

A review of some of the leading authorities will show the extent and duration of the authority of an attorney. Plaintiff says that an attorney has implied power, without special authority, to bind his client by an order to an official stenographer to transcribe evidence to be used in the trial of his client's cause. *Miller v. Palmer,* 25 Ind. App. 357, so holds. The decision was right in that case, for the evidence was ordered to be, and, in fact was, used in the progress of trial of the cause in the trial court. *Harry v. Hilton,* 64 How. Prac. 199, is to the same effect. There also the evidence was transcribed for use at the trial. In *Moulton v. Bowker,* 115 Mass. 36, Gray, Chief Justice, thus expressed the rule which has often been quoted with judicial approval: "An attorney at law has authority, by virtue of his employment as such, to do in behalf of his client all acts, in or out of court, necessary or incidental to the prosecution and management of the suit, and which affect the remedy only, and not the cause of action." The principle was applied to the case then before the court, and it was held that an attorney had power to release an attachment, at least before

judgment. In *Clark v. Randall,* 9 Wis. 135, it was held that an attorney for a foreign client, or one residing at a distance, who was entrusted with the collection of a debt, had an implied authority to indemnify the officer in making a levy. In *Jenney v. Delesdernier,* 20 Me. 183, it was said that the attorney for plaintiff, without any special authority, may approve of the receipt taken by the sheriff for personal property attached by him, and thereby relieve the officer of his obligation to retain and produce the property. This, upon the principle that the attorney has the power to elect and control the remedy, and all proceedings arising out of, and connected with, it. *Thornton v. Tuttle,* 20 Abbott's New Cases, 308, ruled that the attorney could bind his client by the employment of a stenographer to take and write out the testimony of witnesses upon a reference of a special issue. In *Brown v. Arnold,* 131 Fed. 723, it was held that the retainer of an attorney to conduct an action confers upon him authority to stipulate with opposing counsel, after the rendition of judgment in favor of his client and after the expiration of the term of court, but within the time for procuring of a writ of error, that the case shall abide the final decision of another action which involves the same question, and is conducted by the same attorneys. In that case, the court said that the stipulation was manifestly for the benefit of the clients, and was acted upon by the opposing party. The court said the case came within the exceptions to the general rule, and that, by virtue of his general retainer, an attorney for the prevailing party has the power to collect or enforce the judgment, to admit service of a citation issued upon a writ of error or appeal to review it, and authority to oppose any steps that may be taken within a reasonable time

by the defeated parties to reverse it. The court held that the action of the attorney in this case tended to an enforcement of the judgment which he had secured for his clients.

It will be observed that, in all of these cases relied upon by plaintiff, as deciding that an attorney has implied authority to bind his client, such acts related to the proceedings in the trial court and which tended to enforce the judgment therein rendered. In none of them is it held that an attorney, merely by ·virtue of his retainer to try a litigated issue, has power to take an appeal, or sue out a writ of error, to reverse a judgment and to bind his clients to pay for transcribing the evidence to be used upon such review. Two cases from Massachusetts, and possibly others may be found, are said to go to the full length claimed by plaintiff. In *Grosvenor v. Danforth*, 16 Mass. 73, it was held that an attorney of record in an action in which an erroneous judgment has been rendered against his client, may sue out a writ of error for its reversal without special authority. This, apparently, was based upon a previous decision of the same court in the case of *Dearborn v. Dearborn*, 15 Mass. 315. In that case, the attorney was employed to undertake the collection of a debt. After obtaining his judgment, he sued out process against the bail. It was claimed that that was a new suit, and that he had no authority to bring it without a fresh direction from his client. It was held, however, that the *scire facias* against the bail is not to be considered a new suit. There are decisions to the contrary. The court, however, said further that, when an attorney undertakes to collect a debt, he is bound to sue out all process necessary to that object, and that the prosecuting of a *scire facias* is but a regular step in collection of the original demand. The Dearborn case seems not to go

to the length reached by the decision in *Grosvenor v. Danforth.* *Dearborn v. Dearborn,* we think, is clearly distinguished from the one at bar by the supreme court of Iowa in *Hopkins v. Mallard,* 1 G. Greene 117. The court, speaking by Greene, Justice, said there was nothing in the Dearborn case conflicting with the decision announced in the case then under consideration, for it was said that the attorney there was employed and undertook to collect a debt and that it was justly held therein that he was bound to sue out all process necessary to that object, whereas, in the case in hand, the retainer to try a cause in a trial court did not authorize the attorney to prosecute an appeal. In Weeks on Attorneys (2d ed.) 248, the rule is stated to be that an attorney once appointed, continues in that character until judgment or other termination of the suit, and that ''where a *scire facias* is necessary to revive a judgment, a fresh authority is necessary''; and also it is necessary to justify bringing a writ of error. At section 249a, the author says that ''the employment of an attorney to defend an action pending in a trial court does not, under ordinary circumstances, authorize him to take an appeal to a higher court from the judgment rendered against his client.'' To this is cited *Hooker v. Village of Brandon,* 75 Wis. 8, where the court, speaking by Taylor, Justice, announced the rule and gives clearly the reasons for it. *Connett v. City of Chicago,* 114 Ill. 233, held that a city attorney whose duty it is to look after and protect the interests of the city in all legal controversies has the power on behalf of the city to pray for an appeal from a judgment against the city and prepare the necessary steps for taking the same; but the court recognized the general rule that the retainer of an attorney by a private party to prosecute or defend in a trial court does not authorize him to prosecute

an appeal or writ of error in the same case; adding that a city attorney occupies a different position, the general scope of his powers and duties being much larger than that of an attorney for a private litigant especially retained for a single case. In 2 Clark & Skyles on the Law of Agency, section 650, the authors say that the general rule is that an attorney cannot begin proceedings for an appeal from a judgment against his client without further authority from the latter. In *Delaney v. Husband*, 64 N. J. L. 275, it was held that the retainer in the original suit did not, of itself, constitute a retainer to bring a writ of error. To the same effect is *Richardson v. Talbot*, 5 Bibb's Ky. Rep. 382. *Ring v. Vogel Paint & Glass Co.*, 46 Mo. App. 374, is not authority for plaintiff's contention. The court there held that, under conflicting evidence, the legal presumption that an attorney appearing in a case has proper authority of his client, was not overcome by the proofs.

Our conclusion, therefore, is that an attorney at law, employed only to try a litigated issue in a *nisi prius* court, has not thereby the implied authority to appeal from, or sue out a writ of error to, a judgment rendered against his client, or to bind the client to the payment of stenographer's fees for services rendered at the instance of the attorney in transcribing the evidence to be used in prosecuting a review in the supreme court. There is no evidence in this case of ratification of, or acquiescence in, such employment of plaintiff by defendants in this action. The cause having been tried by plaintiff's counsel upon the theory, which the trial court adopted by so instructing the jury, that the special retainer of Bloomfield to try the case in the district court necessarily carried with it the implied power, without any special authority from his clients, to perfect an appeal and represent his clients therein and to bind

them to pay all the costs and expenses necessarily incurred in the prosecution of such review, its judgment cannot stand. It therefore is reversed, and the cause remanded.          *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.