Cunningham, Presiding Judge.
John Nevitt, the appellee, was the official reporter of the district court of Eio Grande County, and other counties of the twelfth judicial district. In this capacity he reported the proceedings of a certain trial in Saguache County. Thereafter he made a bill of exceptions, including all of the testimony taken on the trial. This service was performed, as he alleges, at the instance and request of the appellant, Bloomfield, who was the principal attorney for the losing parties, Emil and Frances Tobler. The Toblers declined to pay Nevitt’s bill, or any part *92 thereof, contending that they had not authorized their attorney to have the testimony extended and did not desire to appeal from the judgment which had been rendered against them. Thereupon Nevitt brought suit against the Toblers, and obtained a judgment for $450 (with interest), which was the amount plaintiff was justly entitled to charge for his services under the prevailing prices for such work. The Toblers appealed the case to the supreme court, where the judgment was reversed. This case is reported in 45 Colo., 231, 100 Pac., 416, 23 L. R. A. (N. S.), 702, 132 Am. St. R., 142, 16 Ann Cas., 925. A careful statement of facts involved in that case was made by Mr. Justice Campbell, and by reference we adopt so much thereof as may be applicable to the case before us. Following the decision in the supreme court, and on May 25, 1909, Nevitt filed suit in the district court of Bio Grande County against Bloomfield, to recover the amount claimed for his services, with interest thereon, together with the additional sum of $309.72, which represents the amount which he (Nevitt) laid out and expended in the prosecution of his suit against the Toblers. The jury returned a verdict in favor of Nevitt for $957, which includes accrued interest upon the original claim, though this fact is not clearly deducible from the abstract filed. We discover no complaint made in brief of defendant on the grounds of the excessiveness of the verdict, other than the general claim of non-liability on the part of defendant for any sum whatever. From this judgment Bloomfield, the defendant, brings this cause here on appeal.
1. Appellant denies that he ever ordered, directed or instructed Nevitt to make the bill of exceptions. His sole defense is predicated upon this single contention. The testimony upon this point is conceded by counsel for appellant to be in sharp conflict. From the verdict of the jury it is manifest that on this issue of fact they found against appellant, and we are concluded by that *93 finding. The supreme court, on the trial of the Tobler case, held that Bloomfield had no authority whatever to order the bill of exceptions. Indeed, in the instant case Bloomfield makes no contention that he had such authority, but as we have already pointed out, predicates his'entire defense upon a flat denial that he gave any instructions to Nevitt to make the bill of exceptions. All argument, therefore (and there is much of it in the briefs), pertaining to agency and innocent mistake on the part of the agent as to his authority, has no application.
The jury having found that appellant directed the appellee to make the bill of exceptions, and there being no dispute as to the value of the work, the liability of the appellant to the appellee, in the circumstances of the case as just stated, follows as a natural consequence. We have, therefore, no difficulty in reaching the conclusion that the appellant should pay the appellee for the service which he (the appellee) rendered; the former’s liability to the latter in the sum of at least $450, with interest thereon from the date that the amount became due, seems clear.
2. The liability of the defendant, Bloomfield, for, the costs incurred by Nevitt in the prosecution of his suit against the Toblers presents a more difficult question. On this point the record discloses, without 'any serious conflict, that Bloomfield never made any specific or direct representation to Nevitt that he had authority to bind his clients for th’e work which the jury found he, had directed Nevitt to do. Nevitt appears to have assumed, from the fact that Bloomfield was the leading counsel for the Toblers, and from that fact alone, that his (Bloomfield’s) order for the bill of exceptions bound his clients; and upon this erroneous assumption brought suit against the Toblers and incurred expenses amounting to something over $300, in the unsuccessful prosecu *94 tion thereof. On this point the supreme court, in Tobler v. Nevitt, supra, says:
“There is no evidence in this case of the ratification of or acquiescence in such employment of plaintiff by defendant-in this action. The cause having been tried by plaintiff’s counsel upon the theory, which the court adopted by so instructing the jury, that the special retainer of Bloomfield to try the case in the district court necessarily carried with it the implied power, without any special authority from his clients, to perfect an appeal and represent his clients therein, and to bind them to pay all the costs and expenses necessarily incurred in the prosecution of such review, his judgment cannot stand.”
From this it will be seen that Nevitt’s prosecution of his case against the Toblers was the result of a mistaken conception of the law of agency, and not from any mistaken view of the facts for which Bloomfield was at all responsible. Indeed, the record in this case discloses that Nevitt knew, before he instituted the former suit against the Toblers, that they denied all liability on his claim, and denied that they had authorized Bloomfield to order the bill of exceptions, or that they had any intention of appealing the case. Bloomfield himself practically told Nevitt, before the latter instituted his suit against the Toblers, that he had no such authority, for he (Nevitt) testified that when he asked General Bloomfield about whether he was authorized to order the work done, all that he (Bloomfield) said was, “Sometimes attorneys take a great deal of authority.” We therefore are in accord with the statement of Mr. Justice Campbell which we have already quoted, to the effect that Nevitt prosecuted his case against the Toblers upon a mistaken theory that the special retainer of Bloomfield to try the case in the district court necessarily carried with it the implied power, without any special authority from his *95 clients, to perfect the appeal and contract the debt for the bill of exceptions. Bloomfield may not be held responsible for the results which Nevitt’s ignorance of the law occasioned himself. We are therefore of opinion that the trial court erred in submitting to the jury the question of Bloomfield’s liability to Nevitt for the latter’s expenses incident to the unsuccessful prosecution of his suit against the Toblers.
For this error the judgment of the trial court must be modified, with instructions to enter a judgment in favor of appellee and against appellant for $450, with interest thereon at the rate of eight per .cent per annum from May 2, 1904 (which is the date from which the appellee in the former suit reckoned interest, and which appears without contradiction to be a somewhat later date than the completion of his work on the bill of exceptions), to the date of the entry of judgment, and for the costs of this suit.
Judgment modified, and case remanded with directions.
Morgan, J., dissents.