[Civil No. 2845.   Filed December 30, 1929.]

[283 Pac. 287.]

# J. T. MORGAN, Appellant, v. CARL G. KROOK, Appellee.

Mr. Ben L. Rudderow, for Appellant.

Mr. Carl G. Krook, *pro se.*

McALISTER, J.—This is an action by J. T. Morgan to recover of Carl G. Krook the fees the statute allows a reporter for transcribing his shorthand notes, and from a judgment against him he appeals.

The plaintiff, as official court reporter of the superior court of Mohave county, Arizona, took stenographic notes of the testimony and other proceedings in *Rodgers* v. *Arizona Centennial Mining Company,* a civil action tried in that court the latter part of 1923, and in his complaint he alleges that at

the special instance and request of Carl G. Krook he prepared a transcript of the testimony and one carbon copy thereof between June 5th and July 31st, 1924, and certified to the same, and that defendant expressly agreed to pay the actual, reasonable value of said services, which is the sum of $219.80, but at all times since they were performed he has neglected and refused to do so. The answer is a general denial.

It appears from the record that in that case judgment was rendered against the defendant, Arizona Centennial Mining Company, which was represented by Carl G. Krook, the defendant in this action, and according to plaintiff that a transcript of the evidence was ordered for the purpose of prosecuting an appeal to this court. The testimony introduced by each side supported the allegations of their respective pleadings, but in view of the disposition we are compelled to make of the case on the record before us it is unnecessary to state it, further than to say that it was very sharply in conflict on the question whether the defendant did in fact order the transcript.

At the close of the plaintiff's testimony the defendant moved for a dismissal of the action, upon the ground that there was no evidence upon which to base it, and in commenting on the motion the court made this statement:

"My recollection is that an attorney is not responsible for matters of this kind in the absence of a special agreement. I would be glad to have counsel furnish me with something on it, if the law is to the contrary. There is no evidence of any special agreement on the defendant's part as to personal responsibility. It is my recollection—I read this, the general statement in Corpus Juris, this morning just before coming on the bench—on the theory that the attorney is known to the other party to be acting as his agent for a known principal, and there is no personal responsibility."

After a rather lengthy argument of counsel on the question of the personal responsibility of an attorney who incurs an expense of this character in the absence of special authorization from his client, the court denied the motion to dismiss and the defendant proceeded with his side of the case. When the hearing was over, Judge LAMSON, of the superior court of Yavapai county, who was sitting for Judge BLAKELY, of Mohave county, took the case under advisement, and under date of December 18th, 1928, or about three weeks later, signed a "decision and order," in which he found "the issues herein in favor of the defendant," and ordered that judgment be entered in his favor at the proper time in accordance with the provisions of paragraph 346, Revised Statutes (Civil Code) 1913, which was done.

In his first assignment the sufficiency of the evidence to sustain the judgment is attacked, and under it appellant argues quite vigorously that the testimony in his behalf "proved his case, not only by a preponderance of the evidence, but beyond all possible doubt." Even though this be true, it is wholly immaterial on appeal, if judgment was rendered for the other party and the evidence introduced by that party supports it, because it is a rule of this court, announced many, many times, and never departed from, that it will not disturb the judgment of a trial court, or its finding upon any issue of fact, when there is evidence to support its conclusion, whether it appears to us from the printed page it was decided in accordance with the weight of the evidence or not. It appearing, therefore, that the testimony upon the vital issue of fact in this case was sharply controverted, and that that in behalf of each side was sufficient to support a judgment for party introducing it, this court cannot do otherwise than be governed by the action of that court when, in its "decision and order" for judgment, it found "the issues herein in

favor of the defendant." Though it be true, as contended by appellant, that there were no findings of the facts upon which this general finding was based, yet under an unvarying rule of this court it must be presumed under such circumstances "that its conclusions on every necessary issue were such as would support the judgment." *Blackford* v. *Neaves,* 23 Ariz. 501, 205 Pac. 587, 588; *J. H. Mulrein Plumbing Supply Co.* v. *Walsh,* 26 Ariz 152, 222 Pac. 1046; *Thomas* v. *Newcomb,* 26 Ariz. 47, 221 Pac. 226.

Findings were not requested, but appellant suggests, though neither by motion nor assignment did he raise the question, that this was due to the fact that notice of the court's "decision and order" was not given in accordance with the provisions of paragraphs 346 and 347, Revised Statutes of Arizona (Civil Code) 1913, and hence that he had no opportunity to do so. Notice in the form this statute requires, however, would have been of no avail to him, so far as requesting findings is concerned, because such a request must be made before judgment to be in time, and it is apparent, from the reasons given by the court in *Deatsch* v. *Fairfield,* 27 Ariz. 387, 38 A. L. R. 651, 233 Pac. 887, 890, for holding to this effect, that the "decision and order" of December 18th, 1928, was the judgment of the court for this purpose. This decision, reached after several weeks of deliberation, was the court's final conclusion in the case, there remaining to be performed only the formal act of entering in accordance therewith the judgment which the judge of Mohave county or Judge LAMSON either could have signed. "Fairness to the trial judge," says this court in *Deatsch* v. *Fairfield, supra,* "requires that he should be advised before he renders his decision that he is expected to make special findings of fact and conclusions of law, so that he may formulate his judgment in accordance therewith, rather than burden him with the duty of

making findings of fact and conclusions of law that will support a judgment already rendered." To come within the spirit of this reasoning, therefore, a request for findings should be made before the case is submitted, and it follows necessarily that one made thereafter comes too late.

The proposition upon which appellant chiefly relies is raised by assignments 3 and 4 and is based upon the contention that, in rendering judgment for appellee, the court was governed by an erroneous view of the law, in this, that in the absence of a special agreement with the reporter appellee is not responsible for the expense of a transcript of the testimony for use in prosecuting an appeal, since he was known by the reporter, at the time he ordered the transcript, to be acting merely as the agent of his client. This claim evidently grows out of the remarks of the court to this effect, but we are unable to see wherein it can be argued that the court was guided by this principle in rendering judgment for appellee, since the record discloses that, notwithstanding this statement, the court declined to grant the motion to dismiss. This refusal indicates rather that upon reflection the court came to the conclusion that the view expressed in the above excerpt was not correct, otherwise the motion to dismiss should, and presumably would, have been granted. An investigation of a legal proposition frequently leads a court, as well as an attorney, to a view different from that entertained or expressed when it is first raised, and only a slight consideration of the one involved here discloses that, in the absence of a special agreement, an attorney who is employed to try a case in the superior court and orders a transcript of the testimony to be used on appeal is responsible for the expense thus incurred, unless he has been authorized by his client to prosecute the appeal, and neither side here claims that such' authority was given. *Bloom-*

*field* v. *Nevitt*, 24 Colo. App. 91, 131 Pac. 801; *Delaney* v. *Husband*, 64 N. J. L. 275, 45 Atl. 265; *Connett* v. *City of Chicago*, 114 Ill. 233, 29 N. E. 280; *Hooker* v. *Village of Brandon*, 75 Wis. 8, 43 N. W. 741; Weeks on Attorneys, 2d ed., 249-a. Hence it must be presumed that the court ascertained this before rendering judgment, and that in arriving at his conclusion he was not governed in the slightest degree by his first impression.

While there is no question but that an attorney can bind his client for any legitimate expense connected with the trial for which he was employed, yet under the authorities this does not, as pointed out by appellant, apply to those the purpose of which is to defray the expense of an appeal, which is in reality a new action, where there has been no authorization by the client to take such step. In the syllabus to *Tobler* v. *Nevitt*, 45 Colo. 231, 132 Am. St. Rep. 142, 16 Ann. Cas. 925, 23 L. R. A. (N. S.) 702, 100 Pac. 416, the following language appears:

"An attorney at law employed only to try a case in a *nisi prius* court has not the implied authority to appeal from, or sue out a writ of error to, a judgment rendered against his client, and hence has no power to bind the client to the payment of stenographer's fees for services rendered at the instance of the attorney in transcribing evidence to be used in prosecuting a review in the Supreme Court."

The judgment is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.