[L. A. No. 1736.   Department One.—March 1, 1907.]

THE L. W. BLINN LUMBER COMPANY (a Corporation), Respondent, v. CHARLES H. McARTHUR, Appellant; REBECCA W. MOORE, Substituted as Plaintiff, Respondent; WILL D. GOULD, Intervener and Appellant.

PARTIES — SUBSTITUTION OF DISTRIBUTEE OF ESTATE — ASSIGNMENT— FORECLOSURE.—Where pending an action of foreclosure a promissory note and mortgage are regularly assigned, and subsequently are distributed by the decree of distribution in the estate of the assignee, the distributee, as a successor in interest, has the right, under section 385 of the Code of Civil Procedure, to be substituted as plaintiff in the foreclosure suit, notwithstanding the fact that neither the assignee in his lifetime, nor his representative after his death, had been substituted as plaintiff.

ID.—PRIMA FACIE CASE—PROOF OF NON-PAYMENT OF NOTE.—Where it is admitted that at the time the suit was commenced the note was unpaid, the substituted plaintiff made out a *prima facie* case by the introduction of the assignment of the note and mortgage and the decree. of distribution; and the burden of proving that the note had been subsequently paid was on a purchaser. of the mortgaged premises, who had intervened in the action.

EVIDENCE — BOOKS OF BANK. — The books of a bank are admissible in evidence for the purpose of showing the state of the account of one of its customers with it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Waldo M. York, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Defendant and Appellant.

James H. Blanchard, and Will D. Gould, for Intervener and Appellant.

Miller & Page, for Respondent.

SLOSS, J.—Appeals were taken to this court by the defendant and the intervener from a judgment for the plaintiff and an order denying a motion for new trial. These appeals were subsequently ordered transferred to the district court of appeal for the second appellate district for hearing and determination. The justices of that court were unable to agree, and, upon their disagreement, the cause again came to this court.

Upon the hearing in the district court of appeal the following opinion, prepared by Gray, P. J., and concurred in by Allen, J., was filed:—

"Action upon a promissory note and to foreclose a mortgage given to secure said note. After the suit was commenced the note and mortgage were regularly assigned to P. R. Moore, and the land mortgaged was conveyed to the intervener, Gould. Subsequently, Moore died, and his estate having been distributed to his widow, Rebecca W. Moore, the latter was substituted as plaintiff in the case. The judgment was for the plaintiff, and the defendant and intervener appeal from said judgment and from an order denying a new trial.

"1. Rebecca W. Moore having, by means of the assignment of the note and mortgage in suit to her husband and the subsequent decree of distribution, regularly succeeded to all the interest of plaintiff in the subject of the action, it was perfectly competent for the original plaintiff to consent to her substitution after her husband's death, and perfectly proper for her to be so substituted as a 'successor in interest.' (Code Civ. Proc., sec. 385.) The fact that her husband in his lifetime, and his representative after his death, had neither of them been substituted as plaintiff in no way affected her right of substitution.

"2. The principal contention of appellant is directed at the evidence, it being contended,—1. That the court should have sustained appellant's motion for a nonsuit; and 2. That the evidence shows that the note and mortgage were paid in full on the twenty-ninth day of August, 1894, by Gould, and that ever since that date Gould has been the owner thereof.

"On April 17, 1894, the note in suit, upon which there appears to have been then due $487.29, was assigned to Doctor Moore. On the same date Gould and his wife executed

another note and mortgage on another piece of real estate for the sum of three hundred dollars. The testimony of Mr. Shankland, one of the attorneys for the original plaintiff, shows that he received Dr. Moore's check for $487.29 on said seventeenth day of April. The transcript of Moore's account with the Farmers' and Merchants' Bank for the said month of April shows clearly, when considered with Shankland's evidence, that this check was applied as the full purchase price of the note and mortgage in suit, that day assigned to Dr. Moore; and the said amount was charged to him by the bank. The books of that same bank also show that on the same day Dr. Moore drew out of his account by means of a check the specific additional sum of three hundred dollars, and Gould's account was credited with exactly three hundred dollars that day deposited. This sum of three hundred dollars was not drawn out of Gould's account that day, but remained on deposit and was thereafter checked out by him from day to day during the month in small sums ranging from eighteen dollars to one hundred dollars. It is conceded that Dr. Moore held possession of the note and mortgage in suit from April 17th down to August 29, 1894. Gould testifies that on April 17th he paid $187.29 on account of the note here in suit. He also testifies, and a check is introduced in evidence to show, that he paid the whole of the three-hundred-dollar note, and it is shown also, I believe, that the mortgage securing that note was satisfied of record. There is no evidence at all, however, to show that the remaining three hundred dollars left unpaid on the note in suit on April 17th was ever thereafter or theretofore paid, except the fact of the possession thereof being in Gould from and since August 29, 1894. But the testimony of Gould, fairly construed, shows that nothing was paid on the note in suit on August 29th, or thereafter. Gould's theory is, as we gather it from a careful examination of his testimony, that the note in suit was held merely as collateral security for the payment of the three hundred dollars, and that when he paid the latter note he received both notes. The final position taken by him in his testimony is to the effect that he came out of the transaction of April 17th owing nothing on account of the note in suit to anybody, but that it was on that date satisfied and extinguished in fact, but that the mortgage securing it was left unsatisfied and the note

left in the hands of Dr. Moore that it might in some way be of benefit to Gould's title to the property upon which the mortgage rested.  Standing alone, the fact that the note remained in possession of Dr. Moore after the seventeenth day of April would tend strongly to show that it was not paid on April 17th.  It was for the trial court to determine whether the reasons given by Gould for the note remaining in the possession of Moore after April 17th were satisfactory.  Of course, it would be of no value as collateral security if it had been paid on April 17th, and the theory that any portion of it was paid on that date is rendered improbable, not only by the fact that it remained in the possession of Dr. Moore after that date, but also by the peculiar condition of the several bank accounts of Moore and Gould for that month of April. These bank accounts may have also shaken the faith of the trial court in Gould's statement that he paid the $187.29 on the note in suit on April 17th.  At the close of business on that date Gould had in the bank considerably over three hundred dollars, and the state of the account fails to disclose that he devoted any of the money he had in bank to this payment of $187.29.

"The situation is well stated in respondent's brief as follows:—

" 'The essential question in this case is whether Paul R. Moore did or did not loan to Will D. Gould $487.29 on the seventeenth day of April, 1894.  If yes, then plaintiff should prevail on the merits.  Both sides agree that on the same day Moore loaned to Gould three hundred dollars upon a note and mortgage for that amount, which was afterwards paid and the note and mortgage canceled and satisfied.  Appellants claim that this was the only loan made by Dr. Moore, and, necessarily, admit that this was the only loan that was paid back to Dr. Moore.  If Dr. Moore made the loan of $487.29, · he took an assignment of the note and mortgage in suit as security for it—they passed to Rebecca Moore by decree of distribution of his estate, and she is entitled to foreclose them, and finding V—which is the essential one as the record presents itself, is justified.'

"I am of opinion that the trial court was justified by the evidence in its conclusion that there were two amounts of money advanced by Dr. Moore, one of $487.29 and the other

of three hundred dollars, and that the former of these sums had not been paid.

"It is conceded that at the time the suit was commenced the note in suit was unpaid. The intervener in his pleading assumed the burden of proving that it had been paid off and extinguished after the suit was commenced, and of course the burden was upon him to prove payment as alleged. (*Melone* v. *Ruffino,* 129 Cal. 514, [62 Pac. 93, 79 Am. St. Rep. 127]; *Roche* v. *Baldwin,* 143 Cal. 191, [76 Pac. 956].) The plaintiff had by the introduction of the assignment of the note and mortgage to Dr. Moore and of the decree of distribution to herself, made out a *prima facie* case, and the motion for a nonsuit was properly denied.

"The finding that the intervener had possession of the note by reason of his being the attorney for the parties is a finding as to an evidentiary fact and is not essential to the support of the judgment.

"The essential finding along this line is the one in which it is found that the note was not paid.

"There was no error in admitting the books of the bank in evidence. (*McLennan* v. *Bank of California,* 87 Cal. 569, [25 Pac. 760]; *Pauly* v. *Pauly,* 107 Cal. 8, [40 Pac. 29, 48 Am. St. Rep. 98].)"

After examining the record and briefs, and in the light of the oral argument made, we are entirely satisfied with the views and conclusions expressed in the foregoing opinion, and hereby adopt it as the opinion of this court.

The judgment and order are affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.