[Civ. No. 6580. First Appellate District, Division Two.—February 4, 1929.]

PHILIP GORDON et al., Respondents, v. ELISE PFEIFFER, Appellant.

Gerald C. Halsey, Frederic T. Leo, and Stanley A. Weigel for Appellant.

Jacob Samuels, Oscar Samuels, and A. Dal Thomson for Respondents.

KOFORD, P. J.—Plaintiffs and respondents by this action foreclosed a chattel mortgage upon hotel furniture. The mortgage was executed by Reynaud and wife as security for the faithful performance of a lease under which they operated the hotel. The appellant, Elise Pfeiffer, held a second chattel mortgage upon the same furniture and upon this appeal claims that, by virtue of an assignment of the

lease to defendant Rawlinson by the lessee and by virtue of the consent to the said assignment given by the lessors adding certain conditions, that in legal effect the original lease secured by the said first chattel mortgage was entirely canceled and a new one took its place which was not secured by the first chattel mortgage. For this reason appellant claims that her mortgage should rank first instead of second as decreed by the trial court.

The term of the lease was from March 23, 1925, to October 31, 1930. Reynaud, the original lessee, assigned to Moore after executing the first chattel mortgage. Moore then executed the second mortgage to appellant, Elise Pfeiffer. About six months later Moore assigned the lease to defendant Marie Rawlinson and the plaintiffs and respondents being then the owners of the hotel premises as well as the owners and holders of the first mortgage consented to said assignment in writing with conditions.

Appellant's argument is divided into three parts, the second and third depending upon the first, which is supported by no citation of authority. First, that the assignment and consent was in reality a new lease. Second, that the effect of the new lease was necessarily to extinguish the old one. Third, that with the old one extinguished and a new one made, the first mortgage, which was given as security for the old lease, was thereby discharged. There are three things in the consent to the assignment which appellant states makes of it a new lease. First, the new tenant took until December 31, 1931, instead of October 31, 1930. Second, the monthly rental was reduced. Third, a definite amount of elevator insurance was required of the new tenant.

The assignment was in the usual form. In effect it was, I, Leo P. Moore, do hereby assign subject to the consent of respondents herein. At the end of this document respondents indorsed their consent, reading in part as follows: "We, Philip Gordon and Sylvia Gordon, do hereby consent to the foregoing assignment subject to the following terms and conditions; That the said Marie Rawlinson shall agree to pay the rental called for by said lease, as hereinafter modified, and agree to be bound by all the terms, conditions and agreements in the said lease contained on the part of the lessee to be kept and performed with the same force and effect as if she were named therein as lessee; . . . that the term of

said lease shall be extended to and including the 31st day of December, 1931, and the rental therefor shall be as follows (follows reduction of rent), . . . ; that she shall carry elevator insurance in the amount of five thousand ($5,000.00) dollars, etc. . . . , and that said assignee, as the purchaser of the personal property in said premises, shall take the same subject to the chattel mortgage given to secure the terms of said lease with the same force and effect as if she were named therein as mortgagor.'' To this was attached the acceptance of the new tenant, ''I, Marie Rawlinson, do hereby accept the foregoing assignment subject to all the terms and conditions contained in said assignment and the consent of the said lessors . . . , and agree to perform all the terms, conditions and agreements in said lease set forth and contained and the modifications thereof in said consent set forth, and all the other terms in said consent specified.''

Appellant's statement unsupported by the citation of any authority that this transaction amounts to an execution of a new lease seems to be entirely refuted by a bare statement of the evidence. There is no new lease, but only an assignment of the old one with the consent of the landlord. The additional term given the assignee is not claimed to be secured by the first mortgage. The reduction of rent, of course, cannot harm the second mortgagee nor make a new lease. The provision requiring elevator insurance which was added at the time of the assignment must be considered in the light of the fact that the lease already had this provision except that the blank space provided in the document for the amount was left unfilled.

Appellant also advances the point that the evidence fails to show that the sums which respondents' mortgage secures have not been paid. This point is raised for the first time on appeal and for that reason alone is not entitled to consideration. The burden of proving nonpayment, however, is not upon the plaintiffs but on the defendant. This is the general rule for actions based upon debt and it has not been confined in its application to a defendant who is the principal debtor. In *Blim Lumber Co.* v. *McArthur*, 150 Cal. 610 [89 Pac. 436], the burden of proving payment of a mortgage was put on an intervener who had purchased the mortgaged premises. The appellant here was defendant and cross-complainant. In *Barrett-Hicks Co.* v. *Glas*, 14 Cal.

App. 289 [111 Pac. 760], the burden of proving payment of a subcontractor's lien claim was held to be upon the defendant who was owner of the building. The rule has also been often applied to the representative of a deceased debtor. (*Dyer* v. *Minturn,* 47 Cal. App. 1 [189 Pac. 1046]; *Light* v. *Stevens,* 159 Cal. 288 [113 Pac. 659].) In this case there is no better reason to except appellant from the general rule of burden of proof of payment than existed in the cited cases.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.