## GREGORY v. HAYNES et al.

WHERE the plaintiff in an action died before trial, and a subsequent order for judgment contained a recital as follows, " This action having been continued in consequence of the death of the plaintiff, by his executor, Samuel Webb, and the jury having found a verdict for plaintiff," and then awarded judgment in favor of the plaintiff: *Held*, that the recital sufficiently showed a suggestion of the death of the original plaintiff and a continuance or revival of the cause in the name of the executor.

The continuance of the name of a deceased plaintiff instead of that of his executor, in a judgment rendered after the substitution, is an error of form only, and does not make the judgment void.

Where a motion to set aside a judgment is granted "on payment of all costs," the judgment remains in force until the costs are paid.

A failure by the opposing party to file his cost bill, or to give notice under a rule of Court allowing five days after notice for payment of the costs, would not operate to make the vacation of the judgment absolute.

After a conditional order to set aside a judgment, the Court in deciding a motion to place the cause on the calendar for trial, " orders that said motion be and the same is hereby denied, and the judgment will remain :" *Held*, that this was a distinct adjudication, that the previous order had not taken effect; and held further, that this order directing that the judgment remain, being the last in the case and not having been appealed from, it deprived of all force any previous order in reference to vacating the judgment.

APPEAL from the Twelfth Judicial District.

The facts are sufficiently stated in the opinion.

*John Gregory*, Appellant *in pro. per.*

A judgment on a verdict can only be entered up after the death of a party in a case where the death occurred after verdict, and all the common law authorities are to the effect that a judgment or decision entered in the name, favor, and title of a dead party is void. " A judgment rendered without jurisdiction can be attacked directly or collaterally," (in any stage of the proceedings). ( *Whitewell* v. *Barbier*, 7 Cal. 54 ; *Dorente* v. *Sullivan*, Id. 279 ; *Alderson* v. *Bell*, 9 Id. 375.)

The recital in the judgment cannot be taken as the proper record evidence of the death of the plaintiff and substitution of his representative. How or where the Court obtained a knowledge of the fact of Wenborn's death does not appear from the record, nor does

Gregory *v.* Haynes.

it appear how the Court came to know that Samuel Webb was Wenborn's executor at all; nor how the Court came to know that the action had been continued after Wenborn's death by the executor in the name of the deceased Wenborn.    Probably the Judge obtained information of these matters outside of the Court, and it is fair to presume so; and that accounts for their not appearing on the minutes or record of the Court, and for this recital not stating the necessary fact, as required by section sixteen of the Practice Act, that the action was continued on motion and by leave of the Court.

The order granting a new trial on payment of costs became absolute by the failure to file a bill of costs and give notice.    The rule of Court in force at that time provided that where relief was granted upon payment of costs, the party had five days to comply with the order after service of notice.    No bill of costs or notice under this order was ever served, and the cause stands so to this day.

" Where proceedings in a cause are set aside on payment of costs, the party is not bound to pay costs until a taxed bill is presented."    (2 Wend. 293.)    " Until this is done, the whole matter is in *fieri*."    So it was when this order was made, and so continues to be until the plaintiff in that suit chooses to move it on, by serving his bill of costs.    The position of the case was not altered by the expression in a subsequent order that the " judgment will remain."

This order should be interpreted by common sense and justice. It cannot be supposed that that Court intended to dispose of a matter which was not before them.    The motion was simply to reinstate the cause on the calendar, and that was the only question.    The language of a judgment or order must be interpreted by the issues to be disposed of, and looked on in this light, this order simply means that the order previously made was to stand.    The Clerk in making the entry has called the previous order a judgment, but it clearly means the previous order, and calling it a judgment, cannot be construed to take away the defendant's rights.    If we construe it as meaning the judgment, it merely leaves it in *statu quo*.    It was to remain but how?    Why of course precisely as it then stood; that is, with a new trial granted upon terms.

*Robert C. & Daniel Rogers,* for Respondents.

The condition of granting the new trial in case of *Wenborn* **v.** *Boston* was the payment of all the costs, which was not complied with, the costs never having been paid.   It was a condition precedent, and therefore the judgment stands as it was originally entered.   But to remove any doubt, as it were, upon the point, the Court in denying the defendant's subsequent motion made the further order, that the judgment should remain as it was originally entered—valid and effectual—by which the rights of the respective parties were fully and finally determined.   This last order renders unnecessary any discussion of the effect of a failure to file a cost bill or give notice under the rule of the Court.   If defendants were dissatisfied with it they had their right of appeal, which they did not pursue.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This is an action of ejectment in which the plaintiff deraigns a title by a grant from the Pueblo of San Francisco and sundry mesne conveyances to one Sarah Boston, and by a deed from her and her husband, dated June 3d, 1854, to David Calderwood, and by sundry mesne conveyances from Calderwood to the plaintiff.

The defendants claim title under a deed from said Sarah Boston and her husband to one Wenborn, of a date prior to their deed to Calderwood.   The deed to Wenborn is claimed to have been executed by one Strathern, under a power of attorney from Sarah Boston and her husband, but which being lost, an action was instituted by Wenborn against Sarah Boston and her husband to quiet his title, in which a judgment was rendered in favor of the plaintiff.

Whether this judgment was valid when pronounced and is still in force, are the only material questions in the case.

The objection urged to the validity of the judgment is, that the plaintiff, Wenborn, had died before the trial and verdict, but that the proceedings were continued and judgment entered in his name as plaintiff.   It appears, however, that after the trial the Court made a judgment or order with this recital, to wit: " This action having been continued, in consequence of the death of plaintiff, by

his executor, Samuel Webb, and the jury having found a verdict for the plaintiff," and then judgment is awarded in favor of the plaintiff. Another judgment appears subsequent in order, but of the same date, in favor of the plaintiff, and both judgments are entitled in the name of Wenborn as plaintiff. This judgment was before this Court in the case of *Gregory* v. *Haynes*, reported in 13th Cal. 591, when it was decided to be a valid judgment in favor of Webb as executor of Wenborn. The Court say : " We think this recital clearly shows, whether with formality or not, the suggestion of the death of the original plaintiff, and a continuance of the cause or a revival of it in the name of the executor. If there was any irregularity in all this, it cannot be corrected in this collateral way." The continuing the name of Wenborn, instead of inserting that of Webb, executor, as plaintiff, in the title of the judgment or order in which this recital is contained, and also in the more formal judgment, was an error of form, not rendering the judgment void. The judgment was therefore effectual to quiet the title of Webb, as executor of the will of Wenborn, against the defendants Sarah Boston and her husband. This action was commenced and a notice of *lis pendens* filed before the conveyance of Sarah Boston and her husband to Calderwood, and the judgment was binding upon him and those claiming under him.

It is claimed by the plaintiff that the judgment pronounced in the action brought by Wenborn against Sarah Boston and her husband is not now in force, because it was vacated by an order of the Court by which it was rendered on the eleventh day of November, 1854. The order is in these words : " In this Court the motion on the part of the defendants to open the default, and for leave to said defendants to answer, heretofore argued and submitted. The Court, after due deliberation thereon, orders that said motion be and the same is hereby granted on the payment of all costs." Read literally, this order could have no application. There had been no default, and there was no occasion for leave to file an answer, as there was an answer on file. But, treating it as an order to set aside the judgment, it appears never to have taken effect. It was granted upon the condition of payment of all the costs. It does not appear nor is it claimed that any costs were ever paid. To obviate

Gregory *v.* Haynes.

this difficulty, it is said that there were no costs because the bill of costs was not filed within the allowed time after verdict. It is not necessary to determine whether the particular sum of costs which were specified in the judgment was properly inserted. If the bill of costs was not filed in due time, the Court might have intended that this circumstance should be disregarded and these costs paid as a ground of relief. It is not a question whether these costs should be considered as a part of the judgment, but whether they should be paid as a condition that the judgment should be vacated. But if this particular bill of costs was not to be paid, certainly it was the intent of the order only to give relief upon payment of the costs actually incurred. No costs were paid or tendered. It is also said that by the fourteenth rule of that Court, where the payment of costs is imposed as a condition of granting any relief, the party upon whom the terms are imposed has five days after notice to comply therewith, and that no notice having been served, the time to pay the costs never has run out, and that the judgment stands vacated. Whatever steps this rule may require to be taken in order to obtain any relief intended to be granted, it would be unreasonable to hold that the judgment became vacated upon the instant the order was made. To give this effect to the order would render the condition of payment of costs altogether inoperative, because if the judgment became instantly vacated, it would remain vacated, although notice should be given and the costs not paid. The judgment would not come into existence again upon the default of payment.

But the Court in which the judgment was rendered has given its own interpretation of this order and this rule of practice. Upon application of the defendants in that action, an order was made on the ninth day of June, 1856, that the cause be put upon the calendar for trial, but this was also upon payment of costs. Two days afterwards this order was vacated by consent of both parties, and the " cause " put on the calendar of Saturday for argument. The argument mentioned was apparently of a motion to put the case on the trial calendar, upon the ground that the judgment had been set aside, since, on the twentieth of the same month, on deciding a motion to place the cause on the calendar for trial, the Court

" orders that said motion be and the same is hereby denied, and the judgment will remain." This was the last order made in the case, and it is a distinct adjudication by the Court in which the judgment was rendered that the order to set aside the judgment (if such is the meaning of the order of the eleventh November, 1854) had not taken effect. It was the decision of the Court as to the proper meaning and application of its order and rule of practice. If we were authorized to decide differently from that Court upon such a matter, we see no reason for deciding differently in this case. At any rate, the order of June twentieth " that the judgment remain," not having been vacated or appealed from, must have the effect to deprive the order of November eleventh of any effect.

The judgment must be affirmed.