[No. 8929.   Department One.—June 23, 1885.]

JAMES WALLACE, ADMINISTRATOR, ETC., OF ELIZABETH PERKINS, DECEASED, RESPONDENT, v. JOHN CENTER ET AL., APPELLANTS.

DISMISSAL OF ACTION—JUDGMENT—DEATH OF PLAINTIFF—SUBSTITUTION OF PERSONAL REPRESENTATIVE.—A judgment dismissing an action for want of prosecution is not void, although made after the death of the plaintiff, and without the substitution of his personal representative.

APPEAL from an order of the Superior Court of the city and county of San Francisco made after judgment.

The facts are stated in the opinion of the court.

*Wilson & Wilson*, for Appellants.

*Edward Kirkpatrick*, for Respondent.

Ross, J.—It appears from the record that on the 19th of July, 1865, Elizabeth Perkins commenced an action against the

defendants. Years passed, and finally, on the 18th of September, 1876, the cause was regularly called for trial in the late Fourth District Court, and no one appearing on the part of the plaintiff, the defendants, by their counsel, moved the court to dismiss the action for want of prosecution, and judgment of dismissal was accordingly entered and recorded on the 19th of October, 1876. Term after term of the District Court passed, and no motion of any character was made in the case. The statutory time of one year allowed for appeal from the judgment elapsed without appeal; the court itself went out of existence with the year 1879, and was succeeded by the Superior Court created by the new Constitution, and to that court there was presented, on the 1st of August, 1882, an affidavit stating that Elizabeth Perkins died on the 3d day of November, 1875, prior to the judgment of dismissal, and upon that affidavit, and the suggestion of the death of Elizabeth Perkins, an order was made by the Superior Court, substituting James Wallace, administrator of the estate of Elizabeth Perkins, as plaintiff in the case. And subsequently, upon notice given to the former counsel of the defendants, and based upon the affidavit showing the death of the original plaintiff, the Superior Court made an order vacating and setting aside the judgment of dismissal. The appeal is from that order.

It is entirely clear that the order can only be sustained upon the theory that the judgment of dismissal was absolutely void; and that it was not so is shown by the recent case, entitled *Phelan* v. *Tyler,* 64 Cal. 80. The right to attack the judgment for "irregularities" was long since lost by lapse of time.

Order reversed.

McKEE, J., and McKINSTRY, J., concurred.