JOSEPH B. MOORS & another vs. ADOLPH LADENBURG & others.

Suffolk.   January 18, 1901. — March 2, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

In Pub. Sts. c 161, § 110, providing that a subsequently attaching creditor may dispute a prior attachment "on the ground that the sum demanded in the first suit was not justly due, or was not payable when the action was commenced," the words "when the action was commenced" apply to "justly due" as well as to "payable" and give no remedy where the sum demanded in the first suit has been paid since that action was begun.

A bill in equity may be maintained by one who has attached certain property, to enjoin a non-resident holder of a prior attachment on the same property from proceeding further with his action, on the ground that his debt has been paid since he began it; and the order or decree addressed to the defendant restraining the further prosecution of the action may be served on his attorney therein, jurisdiction over the defendant having been obtained by service of the subpœna on such attorney.

BILL IN EQUITY by attaching creditors of the Keen Sutterlee Company, a corporation having its place of business at Philadelphia in the State of Pennsylvania, to restrain the defendants from the further prosecution of a suit brought by them against that corporation, in which they made an attachment prior to that of the plaintiffs, the debt sued on by them having been paid in full since their suit was begun, filed February 1, 1900.

The bill as amended was as follows: "Joseph B. Moors and Arthur W. Moors, both of Boston, in the county of Suffolk, partners under the firm of J. B. Moors & Company, bring this bill of complaint against Adolph Ladenburg, Ernest Thalman and Richard Linnburger, partners under the firm of Ladenburg, Thalman & Company, having their usual place of business in the city, county and State of New York.

" 1. The plaintiffs are creditors of the Keen Sutterlee Company, a corporation having its principal place of business in Philadelphia, in the State of Pennsylvania, and on January 11, 1896, brought suit in this court against said Keen Sutterlee Company for the purpose of collecting their debt against said company, and caused certain goods then in the possession of said

Keen Sutterlee Company in Boston, of the value of three thousand seven hundred and twenty-four dollars and nineteen cents, $3,724.19, to be attached on said writ.

"2. The Keen Sutterlee Company has been defaulted in said action and the plaintiffs are entitled to judgment therein to the amount of their claim, with interest, to wit, the sum of twenty-nine thousand eight hundred and twelve dollars and ninety-seven cents, $29,812.97, but judgment in said action has been staid to await the proceedings in the suit of Ladenburg, Thalman & Company against said Keen Sutterlee Company hereinafter referred to.

"3. Ladenburg, Thalman & Company, on said January 11, 1896, were also creditors of said Keen Sutterlee Company, and on said day, but a few minutes before the attachment by the plaintiffs as aforesaid, brought an action in this court to collect their said claim and cause the said goods of said Keen Sutterlee Company to be attached thereon. The complainants have intervened in said action as subsequent attaching creditors, by petition to the court in the manner provided by statute, and are parties to said suit with all the powers and privileges to which subsequent attaching creditors are entitled.

"4. Said Keen Sutterlee Company have not appeared but have been defaulted in said suit of said Ladenburg, Thalman & Company against said Keen Sutterlee Company; and said Ladenburg, Thalman·& Company are entitled to have judgment entered therein in their behalf, and to take out execution on said judgment and to levy on said goods.

"5. Since the bringing of said suit by said Ladenburg, Thalman & Company against said Keen Sutterlee Company, said Ladenburg, Thalman & Company have been fully paid out of securities held by them and from other sources, so that now nothing is due from said Keen Sutterlee Company to said Ladenburg, Thalman & Company, and the further prosecution of their said suit against said Keen Sutterlee Company and the levy upon said goods will prevent the plaintiffs from applying the same to the satisfaction of their claim.

"6. No·member of the firm of Ladenburg, Thalman & Company can be reached to be served with process within this jurisdiction and the said firm has no property which can be come at

to be attached within this jurisdiction ; but Edwin N. Hill, an attorney of this court, was and is the attorney for the said Ladenburg, Thalman & Company in their action against the Keen Sutterlee Company, which action is now pending in the Superior Court for the county of Suffolk.

" Wherefore, the plaintiffs pray that the said Ladenburg, Thalman & Company may be restrained from the further prosecution of their said suit against said Keen Sutterlee Company, and may be ordered to discontinue the same, and for further and general relief."

Edwin N. Hill, named in the sixth paragraph of the bill, appeared specially for the several defendants for the purpose of objecting to the jurisdiction of the court over the defendants, and for the special purpose of making a motion to dismiss the bill for want of jurisdiction.

Upon such motion to dismiss, the Superior Court ordered and decreed that the bill be dismissed, with costs ; and the plaintiffs appealed.

*R. M. Morse*, for the plaintiffs.

*E. N. Hill*, for the defendants.

HOLMES, C. J.   This is an appeal from a decree of the Superior Court dismissing the plaintiffs' bill, on motion, for want of jurisdiction.   The object of the bill is to restrain the defendants from proceeding further in a suit against a non-resident debtor whose property they have attached, on the ground that since the suit was begun they have been paid.   The plaintiffs are creditors of the same debtor and have an attachment on the same property, but subsequent to that of the defendants. The defendants also are non-residents, and the only service obtained has been upon the lawyer employed by them in the suit sought to be enjoined.

The plaintiffs are content that their bill should be dismissed if they have a right to file a petition in the suit under Pub. Sts. c. 161, §§ 110–120.   By § 110 a later attaching creditor " may dispute the validity and effect of the prior attachment, on the ground that the sum demanded in the first suit was not justly due, or was not payable when the action was commenced."   The sum demanded by the defendants was justly due " when the action was commenced," and therefore the plaintiffs are not

helped unless the words last quoted qualify " payable " alone and not " due." In the Revised Statutes there was a comma after " payable " as well as after " due," Rev. Sts. c. 90, § 83, but in the report as printed of the commissioners, who contrived this remedy as a substitute for existing statutes, the punctuation was as at present. c. 90, § 73. A more substantial ground for argument is to be found in § 113, " if it appears to the court that a part of the sum demanded in the prior suit is not justly due, or was not payable when the action was commenced," it shall order the attachment dissolved etc. This follows the language originally suggested by the commissioners and certainly looks like an investigation of the present state of indebtedness, and seems to confine the reference to the commencement of the action to the word " payable." On the other hand in § 110, equally following the original language, the words are " was not justly due," and the " was " can be explained only by reference to the time when the action was begun. This latter phrase seems to us to be the governing and least ambiguous expression of intent, and to lay down a more convenient rule than if the creditor were allowed to go into the state of the accounts between the plaintiff and the defendant since the action was begun. The notes to the Revised Statutes show that the sections were intended to prevent fraud in attachments, and evidently have in mind the case where a debtor procures or permits his property " to be attached by one who has no legal cause of action against him." Notes to §§ 73–82. We are of opinion that the plaintiffs have not a remedy under the statute.

With regard to the present bill there is no doubt of the general principle that when you have a *res* within the jurisdiction of the court the court may deal with it, although it cannot reach the person of the owner. See e. g. *Felch* v. *Hooper*, 119 Mass. 52; *McCann* v. *Randall*, 147 Mass. 81; *Short* v. *Caldwell*, 155 Mass. 57; *Du Puy* v. *Standard Mineral Co.* 88 Maine, 202, 210. There is no doubt, either, that there is such a *res* within the jurisdiction here. The attached property, which is the only matter concerned in the defendants' suit, as the foreign debtor did not appear, is here, and remotely the object of the plaintiffs' proceeding is simply to require the defendants to keep their hands off it. That, however, is not the immediate scope of this

bill. The *res* at which the bill aims is the lawsuit, but that also is a *res* within the territorial jurisdiction of this Commonwealth. The difficulty in the case and the doubt is on the question whether the court has laid its hands on any *res* sufficiently to deal with it, and whether it can do so under the bill as framed.

Of course the court of equity does not enjoin the judges of the court of common law. See *Winchester* v. *Thayer*, 129 Mass. 129, 134, 135. Yet if not, the question is how it is to get hold of the suit. It might enjoin the lawyer engaged for the time being on the defendants' behalf. But the lawyer is not made a party, and service on him as representing the defendants is a different matter. On the whole, however, when it is considered that the only acts which it is sought to prevent are acts in this jurisdiction and in a Massachusetts court, and that they are acts which cannot be done except by agents locally present, we think that the court properly may issue its order addressed to the defendants forbidding them or their agents to do those acts here; and that it such an order or decree is served on the attorney, who is the same person as the defendants for the purposes of the suit sought to be enjoined, (*Pearl* v. *West End Street Railway*, 176 Mass. 177, 179,) that service is sufficient to make a further attempt to proceed with that suit a contempt. *Marco* v. *Low*, 55 Maine, 549, 553. *Chalmers* v. *Hack*, 19 Maine, 124, 127. See *Claflin* v. *Lowe*, 157 Mass. 252, 254; *Aldrich* v. *Blatchford*, 175 Mass. 369.

*Decree reversed.*