[Civ. No. 1002.  Second Appellate District.—May 17, 1912.]

P. J. LAYNE, as Administrator of the Estate of J. H. A. BARTELS, Deceased, and WM. KOHL et al., Appellants, v. THOMAS J. JOHNSON, CITY OF SAN DIEGO, a Municipal Corporation, and A. G. ROBINSON, Respondents.

APPEAL FROM JUDGMENT—LAPSE OF SIXTY DAYS—SUFFICIENCY OF EVIDENCE NOT REVIEWABLE.—Upon appeal from the judgment taken more than sixty days after the rendition of the judgment, the sufficiency of the evidence to justify the decision is not reviewable, such review being expressly forbidden by section 939 of the Code of Civil Procedure.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—BILL OF EXCEPTIONS—ABSENCE OF SPECIFICATIONS OF INSUFFICIENCY—EVIDENCE NOT REVIEWABLE.—Upon appeal from an order denying a new trial, the sufficiency of the evidence to support the finding cannot be reviewed, where there is nothing in the bill of exceptions specifying the particulars in which the evidence is insufficient, as required by section 648 of the Code of Civil Procedure.

ID.—ACTION BY ADMINISTRATOR AND HEIRS TO QUIET TITLE — FORMER JUDGMENT IN FAVOR OF CROSS-COMPLAINANT'S GRANTOR—EVIDENCE

—ORDER OF APPOINTMENT.—In an action by an administrator and heirs of a decedent to quiet title to land, where the defendant, cross-complainant, pleaded a former judgment of the same superior court quieting his title by publication against Bartels and the other defendants upon constructive service ordered by the court, it is held that the court properly excluded evidence of the appointment of the administrator, in order collaterally to assail the former judgment by showing that deceased was dead when the former suit was commenced. It is held that the exact date of his death was not essential to the order of appointment and was not concluded thereby.

ID.—CROSS-COMPLAINANT NOT BOUND BY PROBATE PROCEEDING—EFFECT OF APPOINTMENT.—The cross-complainant, not being a party to the probate proceeding, could not be bound thereby. Giving to the order of appointment the broadest scope possible under the law, it could only be conclusive between parties and their privies in respect of the matters directly adjudged; and those matters could only be those things necessary and essential in conferring jurisdiction and establishing the authority of the court to make the order.

ID.—WANT OF JURISDICTION NOT APPEARING UPON JUDGMENT-ROLL—COLLATERAL ATTACK NOT ALLOWED—RIGHTS OF PARTIES.—Where no want of jurisdiction appears upon the face of the judgment-roll offered in evidence, it cannot be collaterally assailed. A domestic judgment must be void upon its face to be the subject of collateral attack. Whatever may be the rights of the parties, in an action in equity to set aside the judgment, it is clear that a domestic judgment regular upon its face is not the subject of collateral attack.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

J. C. Hizar, for Appellants.

E. S. Torrance, for Respondents.

ALLEN, P. J.—This is an action to quiet title brought by the administrator of the estate of J. H. A. Bartels, deceased, and his heirs at law, against Thomas J. Johnson, city of San Diego, a municipal corporation, and A. G. Robinson. The complaint is in the usual form, and alleges the appointment of Layne, as administrator of the estate of Bartels, on the 10th of November, 1905, by the superior court of San Diego county. The answer does not deny the allegation in reference to the

appointment and qualification of Layne as administrator, but does deny that the other plaintiffs are the heirs at law of said Bartels, deceased. Defendant Johnson at the same time filed a cross-complaint, alleging that at the time of the commencement of the action, and for many years prior thereto, he was the owner in fee of the premises described in the complaint, and for many years had been in the rightful, lawful and peaceable possession thereof, and continued to hold the same until a few days prior to the commencement of the action, when plaintiffs unlawfully and wrongfully entered said premises and ousted said defendant. He prayed a decree that plaintiffs and cross-defendants have no title, interest or estate in the said premises. Upon the trial of the action the court found that at the commencement of the action, and for many years prior thereto, Johnson was and now is the owner in fee of the real property described; that for many years prior to the commencement of the action he was in the rightful, lawful and peaceable possession of said premises; that a few days prior to the commencement of the action plaintiffs and cross-defendants unlawfully and wrongfully entered into the possession of said premises and ousted defendant and cross-complainant therefrom; that at the time of the death of J. H. A. Bartels he was not the owner in fee nor in possession of the real property described, nor did he have any interest or estate therein; that plaintiffs other than Layne and cross-defendants were the heirs at law of Bartels; that neither they nor Layne, at the time of the commencement of the action, were the owners in fee of the said premises, nor did they have any interest therein. A decree was rendered accordingly in favor of defendant Johnson and against plaintiffs and cross-defendants. This judgment and decree was entered December 5, 1910. Notice of motion for a new trial was duly given, which motion was by the court denied, and an appeal from the judgment and from the order denying the motion for a new trial was taken by plaintiffs and appellants on February 2, 1911.

It is claimed by appellants that the evidence is insufficient to justify the decision. The sufficiency of such evidence cannot be reviewed under the record before us, the appeal from the judgment having been taken more than sixty days after the rendition of the judgment. (Code Civ. Proc., sec. 939.) The appeal from the order denying a new trial is based upon

19 Cal. App.—7

a bill of exceptions purporting to contain the evidence. There is nothing in the record specifying the particulars in which the evidence is insufficient; hence, under section 648 of the Code of Civil Procedure, the evidence cannot be reviewed on appeal from the order.

The only question presented which is subject of review relates to the action of the court in excluding certain evidence. Plaintiffs upon the trial offered in evidence certain deeds tending to show the title in Bartels in 1873. Defendant and cross-complainant offered in evidence the judgment-roll and files in a certain action to quiet title instituted by Amanda Johnson, his grantor, plaintiff, against Bartels and others, defendants, in 1893, from which it is made to appear that service was had upon Bartels by publication under an order therefor duly made by the superior court of San Diego county; that on the twenty-seventh day of December, 1893, the cause came on for hearing, and it was adjudged by the court that the action was one in which service of summons could be legally made by publication; that due and sufficient service of summons had been made upon defendants and each of them by publication; that defendants had failed to answer or plead to the complaint of plaintiff; that the default of defendants was accordingly entered, and after the introduction of testimony the court decreed the said Amanda Johnson to be the owner of the premises, and that defendants, including Bartels, had no right, title or interest therein or thereto. Plaintiffs thereupon offered in evidence the order of the probate court of San Diego county appointing Layne administrator of the estate of Bartels, from which order it appears, and is found by the court, that Bartels died on the first day of December, 1882. The defendant and cross-complainant objected to the introduction of such order upon the ground of its incompetency, irrelevancy and immateriality, and for the reason that it was an attempt to collaterally impeach the judgment of a court of general jurisdiction of this state, which objection was sustained by the court, and this action of the court in excluding from evidence such order of appointment is claimed by appellants to have been erroneous. We see no error of the court in its ruling. The facts essential to the granting of administration of Bartel's estate were his death at the time the petition for letters was filed, his intestacy, and

that he left an estate to be administered in San Diego county. These matters were admitted by virtue of the admission of appointment. The exact date of his death was not essential to the jurisdiction of the probate court and not necessary for decision upon the application for the appointment. Johnson was not a party to the probate proceedings and, giving to the order of appointment the broadest effect possible under the law, it could only be conclusive between parties and their privies in respect of the matters directly adjudged, and these matters could only be those things necessary and essential in conferring jurisdiction and establishing the authority of the court to make the order. Aside from this, however, the judgment-roll and files in the suit to quiet title introduced by defendant does not show, or at least attention has not been called to any matter which it is claimed would show, a lack of jurisdiction in the court appearing upon the face of the judgment-roll. This being true, the judgment imports absolute verity and cannot be attacked in a collateral proceeding. ''The jurisdiction sufficient to sustain a record is jurisdiction over the cause, over the parties, and over the thing, when a specific thing is the subject of the judgment.'' (Code Civ. Proc., sec. 1917.) A domestic judgment must be void upon its face in order to be the subject of collateral attack. (*Galvin* v. *Palmer,* 134 Cal. 428, [66 Pac. 572] ; *Emery* v. *Kipp,* 154 Cal. 83, [129 Am. St. Rep. 141, 19 L. R. A., N. S., 983, 97 Pac. 17] ; *Ballerino* v. *Superior Court,* 2 Cal. App. 760, [84 Pac. 225].) Whatever may be the rights of parties in an action instituted in equity to set aside a judgment, it is clear that a domestic judgment, regular upon its face, is not the subject of collateral attack.

We see no error subject of review in the record, and the judgment and order are, therefore, affirmed.

James, J., and Shaw, J., concurred.