[L. A. No. 3924.  Department Two.—March 16, 1915.]

In the Matter of the Estate of FLORENCE E. CHASE, Deceased.  PAUL STEWART, Appellant, v. ERNEST W. CHASE et al., Respondents.

PROBATE OF FOREIGN WILL—CONTEST—STANDING ON DEMURRER—ADMISSION OF TRUTH OF ALLEGATIONS.—The proponent of a foreign will to which a contest has been interposed, by standing upon his demurrer to the contest after the same has been overruled, and refusing to answer, admits the truth of all the allegations well pleaded in the contest.

ID.—RES JUDICATA AND ESTOPPEL BY JUDGMENT—PRINCIPLES OF ARE APPLICABLE TO BAR PROBATE OF FOREIGN WILL.—Although the code does not say, in express terms, that estoppel by judgment may be urged to bar the probate of a foreign will, and although it specifies the general grounds for contesting probate, it cannot be held that in the enumeration of these specific grounds of contest the law meant to declare that the principles of *res judicata* and estoppel by judgment are inapplicable in such a contest; on the contrary, such principles are applicable in a case where the probate has been specifically forbidden by a final decree in equity.

APPEAL from a judgment of the Superior Court of Los Angeles County denying the admission to probate of a foreign will.  James C. Rives, Judge.

The facts are stated in the opinion of the court.

T. M. Stewart, for Appellant.

Waldo M. York, and Enyeart & Holton, for Respondents.

HENSHAW, J.—There was offered for probate in the superior court of the county of Los Angeles a foreign will of Florence E. Chase, deceased, which will, it was averred, had been duly admitted to probate in the probate court of the county of Penobscot, state of Maine, of which state it was also alleged Florence E. Chase was a resident at the time of her death.  Elinor A. Chase Stevens was the sole devisee and beneficiary under this will.  The petitioner for the probate thereof, Paul Stewart, asserts an interest in the will through assignment from Elinor A. Chase Stevens.

This offer was met by a contest instituted by the beneficiaries under the will of Horace W. Chase, deceased, who in his lifetime had been a brother of Florence E. Chase, deceased. In their contest they alleged that another will of Florence E. Chase, deceased, had been duly admitted to probate in the superior court of Los Angeles County; that by this will the property left by Florence E. Chase· was to be disposed of precisely as was the property of her brother Horace W. Chase; that they were beneficiaries under the will of Horace W. Chase, deceased, and thus interested in the will of Florence E. Chase; that to this will a contest had been instituted by Elinor A. Chase Stevens and Paul Stewart, and that their contest had been dismissed. In this contest Elinor A. Chase Stevens and Paul Stewart offered for probate this foreign will of Florence E. Chase. Further, the contestants pleaded an injunctive judgment obtained by them in an action prosecuted against Elinor A. Chase Stevens and Paul Stewart by which judgment Elinor A. Chase Stevens "and all her counselors, attorneys, solicitors and agents and all others acting in aid or assistance of her, were required to absolutely desist and refrain from presenting for probate in this superior court the said alleged will of Florence E. Chase, deceased, purporting to be dated February 17, 1912, and alleged to have been admitted to probate in the probate court of the county of Penobscot, state of Maine, on the 29th day of May, 1912, and also were required to absolutely desist and refrain from in any way contesting the will of said Florence E. Chase, deceased, heretofore admitted to probate in this superior court on the twenty-fourth day of May, 1912; that the said judgment of said court was duly entered in said court in March, 1913; that thereafter, after the entry of said judgment against said Elinor A. Chase Stevens, she moved said court to vacate and set aside the said judgment, which said motion was denied by said court, and the said judgment against the said Elinor A. Chase Stevens, and the said order denying the same have become final and no appeal has been taken therefrom." The order of the court in probate dismissing the contest of Elinor A. Chase Stevens and Paul Stewart, seeking a revocation of the probate of the will of Florence E. Chase, was made after and in pursuance of this judgment.

To all of these matters so pleaded as grounds of contest to the probate of the foreign will of Florence E. Chase, so proffered for probate in California by Paul Stewart, Paul Stewart demurred, and his demurrer having been overruled he declined to answer. Upon this state of the record, after the making of voluminous findings in accordance with the allegations above set forth, the trial court decreed the probate of the will of Florence E. Chase, deceased, to be irrevocable and conclusive, and denied the application of Paul Stewart for the probate of the foreign will.

The attitude of appellant in standing upon his demurrer without answer is, of course, in legal effect, an admission of the truth of all the allegations well pleaded in the contest. Thus, it stands admitted that he has acquired his interest in the estate of Florence E. Chase, deceased, through assignment from Elinor A. Chase Stevens, sole beneficiary under the foreign will, and that he took this assignment subject to the injunction above set forth. Indeed, appellant does not question this, but founds his right to a probate of the will upon the proposition that the so-called contest is not a contest at all; that the injunctive judgment does not raise an estoppel against him, and that the sole question with which the court will deal under his offer of probate is whether the instrument under investigation is the legally valid, free act of a competent testatrix, and upon this he argues that, as it has been so decreed by virtue of its admission to probate in the courts of Maine, it must be so held here, under the provisions of article IV section 1 of the constitution of the United States, requiring that full faith and credit shall be given in each state to the judicial proceedings of every other state.

Appellant's position, however, is a mistaken one. True it is that in terms our code does not say that an estoppel by judgment may be pleaded as a ground of contest against the offer of probate of a foreign will, and true it is also that it specifies the general grounds of contest. But it would be beyond reason to hold that in the enumeration of these specific grounds of contest the law meant to declare that the principles of *res judicata* and estoppel by judgment were inapplicable in such a contest. By solemn and final decree equity has forbidden this appellant from doing the precise thing which he undertakes to do. It would verge upon the absurd

to hold that the court, before which he seeks to do this thing, must disregard that decree when formally presented for its consideration. (*Marco* v. *Low*, 55 Me. 553; *Moors* v. *Ladenburg*, 178 Mass. 272, [59 N. E. 676].) Whatever informalities or irregularities may have attached to the original judgment for lack of due service upon Elinor A. Chase Stevens, it appears and is found that she subsequently came into the courts of California to cause that judgment to be reviewed and set aside. Her application was denied; her right to appeal is gone; and unquestionably that judgment is now final and binding. (*Lake* v. *Bonynge*, 161 Cal. 120, [118 Pac. 535].)

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.