[Civ. No. 5369. First Appellate District, Division One.—October 28, 1925.]

WALTER HOGAN, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] JUDGMENTS—PARTIES—VALIDITY — JUDGMENT-ROLL.—Where, after the commencement of an action by an administratrix against a debtor of the estate and before judgment is obtained, the estate is distributed, the administration closed and the administratrix discharged, the order and decree of settlement of account and final distribution and the order of final discharge of administratrix, if not included in any part of the judgment-roll, cannot be considered in the determination of the nullity of the judgment on, the ground that the action was without a plaintiff when it was tried and when judgment was rendered.

[2] ID.—ENFORCEMENT OF JUDGMENT—VALIDITY—COLLATERAL ᛧ ATTACK —JUDGMENT-ROLL—PROHIBITION.—A proceeding to prohibit the enforcement of a judgment constitutes a collateral attack upon that judgment, and, being a collateral attack, the judgment must be held to be valid unless the record thereof, the judgment-roll, shows it to be void upon its face; and in determining the question, the reviewing court is restricted to the evidence afforded by the judgment-roll.

[3] ID.—PRESUMPTIONS IN FAVOR OF VALIDITY.—Every presumption and intendment is in favor of the validity of the judgment, and

---

2. See 15 Cal. Jur. 48.
3. See 14 Cal. Jur. 859; 15 R. C. L. 875.

any condition of facts consistent with its validity will be presumed to have existed, rather than one which will defeat it.

[4] Id.—Collateral Attack — Jurisdiction — Judgment-roll — Extrinsic Evidence.—Upon collateral attack the judgment-roll is the only evidence that can be considered in determining the question of jurisdiction, and extrinsic evidence is wholly inadmissible, even though it might show that jurisdiction did not in fact exist.

[5] Id.—Effect of Obtaining Jurisdiction—Collateral Attack.— The true rule is not whether jurisdiction has been legally exercised, but whether it was obtained at all, and where the trial court has obtained jurisdiction of both the *res* and the parties, its subsequent proceedings cannot be collaterally attacked, unless it be ascertained from the judgment-roll that jurisdiction was thereafter lost.

[6] Id. — Collateral Attack — Facts Dependent upon Extrinsic Evidence — Judgment-roll — Jurisdiction — Prohibition.—In a proceeding in prohibition by a judgment debtor to prevent enforcement of a judgment rendered against him in an action by the administratrix of an estate, where the judgment-roll shows that the trial court acquired jurisdiction over the parties and of the subject of the action, and that the judgment is regular upon its face, and embraces only such matters as were within the power of the trial court to adjudicate and within the scope of the pleadings, the jurisdiction of the trial court was complete, and matters of fact pertaining to the settlement of the estate and the discharge of the administratrix, which do not appear in any part of the judgment-roll, but which depend for their establishment upon extrinsic proof, are wholly inadmissible in a collateral attack on the judgment and cannot be allowed to impeach its integrity.

[7] Id.—Judgment in Favor of Administratrix After Discharge— Validity—Collateral Attack.—The fact that the administratrix had been discharged prior to the rendition of the judgment in her favor as such administratrix did not render the judgment either void or valid, but merely voidable, and as such it is not subject to collateral attack.

[8] Id.—Appeal—Dismissal—Conclusiveness of Judgment—Prohibition.—Such judgment not being void, and its irregularities having been attacked on appeal which was subsequently dismissed, such dismissal is conclusive, and the aid of a writ of prohibition may not be invoked to serve the purposes of an appeal.

---

4.  See 15 **Cal. Jur.** 59.
5.  See 15 **Cal. Jur.** 55.
7.  See 14 **Cal. Jur.** 928.
8.  See 21 **Cal. Jur.** 586; 22 **R. C. L.** 9.

[9] ID.—PARTIES—SUBSTITUTION.—Where the plaintiff, who was the administratrix and sole heir, recovered the judgment in her capacity as administratrix after her discharge as such, but afterward secured an order substituting herself individually as plaintiff, the validity of the order of substitution is not vital to the enforcement of the judgment because plaintiff is the only person entitled to enforce the judgment or to receive the amount due thereunder.

[10] ID.—TRANSFEREE'S RIGHT OF SUBSTITUTION—ORDER OF COURT—DISCRETION—APPEAL—PROHIBITION.—A transferee's right of substitution is permissive, resting in the discretion of the court, and irregularities growing out of such substitution should be corrected by appeal and not by writ of prohibition, because the rules applying to immunity of judgments generally from collateral attack apply with equal force to orders of court.

(1) 34 C. J., p. 89, n. 36.   (2) 34 C. J., p. 514, n. 50, 51, p. 524, n. 81.   (3) 34 C. J., p. 537, n. 72, p. 539, n. 75.   (4) 34 C. J., p. 549, n. 33.   (5) 34 C. J., p. 555, n. 75.   (6) 34 C. J., p. 549, n. 33. (7) 24 C. J., p. 884, n. 43 New.   (8) 32 Cyc., p. 617, n. 18.   (9) 34 C. J., p. 738, n. 88 New.   (10) 31 Cyc., p. 485, n. 42, p. 516, n. 87 New; 32 Cyc., p. 614, n. 2.

PROCEEDING in Prohibition to prevent the enforcement of a judgment by the Superior Court of the City and County of San Francisco. J. J. Van Nostrand, Judge. Writ denied.

The facts are stated in the opinion of the court.

J. L. Smith for Petitioner.

Harry I. Stafford for Respondents.

KNIGHT, J.—Walter Hogan, the petitioner herein, is a judgment debtor in an action brought against him by Barbara Hecker, as the administratrix of the estate of Charles Valentine Hecker, deceased, and seeks by this proceeding to prohibit the enforcement of a money judgment rendered against him in that action upon the ground that said judgment is void.

It appears from the judgment-roll, a certified copy of which is annexed to and made part of respondents' return herein, that the judgment in said action was rendered by

10.   See 20 Cal. Jur. 549.

the respondent court, on February 19, 1924, after trial, in favor of "the plaintiff Barbara Hecker, administratrix of the estate of Charles Valentine Hecker, deceased, and sole heir of said estate" for the sum of $11,890 and costs. It further appears from said judgment-roll that an appeal from the judgment was taken by the petitioner and on April 7, 1925, on motion of plaintiff and respondent therein, was dismissed by the supreme court. Thereafter, and on April 10, 1925, the petition alleges, said Superior Court granted an *ex parte* order substituting Barbara Hecker, individually, as party plaintiff in said action in the place and stead of Barbara Hecker as administratrix of said estate, which substitution, it is alleged, was followed by the issuance of an execution in the name of the substituted plaintiff.

[1] The ground upon which petitioner claims said judgment is void is that after the action was commenced, and prior to the trial thereof, the estate of said deceased had been distributed, the administration thereof closed, and the administratrix discharged, and that therefore the action was without a plaintiff when it was tried and when judgment was rendered. None of those facts is revealed even inferentially by the judgment-roll; they are brought before us in this proceeding by means of a pleading which petitioner has offered for filing since oral argument, entitled "Petitioner's reply to respondents' answer," and which sets forth copies of the following documents: Order substituting party plaintiff, made after dismissal of the appeal; order made after dismissal of appeal for entry of judgment against the sureties on the appeal bond; order and decree of settlement of account and final distribution, and order of final discharge of administratrix, in the matter of the estate of said deceased; also a copy of the engrossed bill of exceptions settled and allowed by the trial judge, in the matter of petitioner's appeal from the judgment in said action. Nothing is contained in either the order of substitution or the order for entry of judgment against the sureties, relating to the discharge of said administratrix. Assuming, as petitioner contends, that said order of substitution and said order directing entry of judgment against the sureties do form part of the judgment-roll in said action, it is apparent that the probate orders and decree, embodied in said pleading, do not constitute any part of said judg-

ment-roll, and hence, under the authorities neither of those documents, nor any matter or fact appearing therein can be considered in the determination of the question of the nullity of said judgment.

[2] A proceeding of this nature, to prohibit the enforcement of a judgment, constitutes a collateral attack upon that judgment (*Wiggin* v. *Superior Court*, 68 Cal. 398 [9 Pac. 646]; *Frey* v. *Superior Court*, 22 Cal. App. 421 [134 Pac. 733]), and being a collateral attack "the judgment must be held to be valid unless the record thereof, the judgment-roll, shows it to be void—unless, as the authorities put it, it is void upon its face. In determining the question, we are restricted to the evidence afforded by the judgment-roll" (*Crouch* v. *H. L. Miller Co.*, 169 Cal. 341 [146 Pac. 880]). [3] Every presumption and intendment is in favor of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed, rather than one which will defeat it (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672 [74 Pac. 301], and cases cited therein). In other words, to be attackable collaterally for lack of jurisdiction the judgment must be void on its face, and it is not void on its face unless the record affirmatively shows that the court was without jurisdiction to render the judgment (*Crouch* v. *Miller*, 169 Cal. 341 [146 Pac. 880]; *Emery* v. *Kipp*, 154 Cal. 83 [129 Am. St. Rep. 141, 16 Ann. Cas. 792, 19 L. R. A. (N. S.) 983, 97 Pac. 17]; *Estate of Eikerenkotter*, 126 Cal. 54 [58 Pac. 370]; *Butler* v. *Soule*, 124 Cal. 69 [56 Pac. 601]; *Dunn* v. *Dunn*, 114 Cal. 210 [46 Pac. 5]; *Layne* v. *Johnson*, 19 Cal. App. 95 [124 Pac. 860]; *Seaboard National Bank* v. *Ackerman*, 16 Cal. App. 55 [116 Pac. 91]). [4] The record is the judgment-roll and upon collateral attack is the only evidence that can be considered in determining the question of jurisdiction. Extrinsic evidence is wholly inadmissible, even though it might show that jurisdiction did not in fact exist (*Crouch* v. *Miller, supra; Lake* v. *Bonynge*, 161 Cal. 120 [118 Pac. 535]; *Estate of McNeil*, 155 Cal. 333 [100 Pac. 1086]; *Parsons* v. *Weiss*, 144 Cal. 410 [77 Pac. 1007]; *Galvin* v. *Palmer*, 134 Cal. 426 [66 Pac. 572]; *Jacks* v. *Baldez*, 97 Cal. 91 [31 Pac. 899]; *Hahn* v. *Kelly*, 34 Cal. 391 [94 Am. Dec. 742]; *California C. C. Co.* v. *Crescent City Co.*, 30 Cal. App. 619

[159 Pac. 209]; *Shirran* v. *Dallas,* 21 Cal. App. 405 [132 Pac. 454, 462]). **[5]** The true rule is not whether jurisdiction has been legally exercised, but whether it was obtained at all. Once the trial court has obtained jurisdiction of both the *res* and the parties its subsequent proceedings cannot be collaterally attacked, unless it be ascertained from the judgment-roll that jurisdiction was thereafter lost (*In the Matter of Hughes,* 159 Cal. 360 [133 Pac. 684]; *Baldwin* v. *Morgan,* 50 Cal. 585).

**[6]** The judgment-roll here shows that the trial court acquired jurisdiction over the parties and of the subject of the action; the judgment is regular upon its face, and embraces only such matters as were within the power of the trial court to adjudicate and within the scope of the pleadings. Its jurisdiction was therefore complete (*Crew* v. *Pratt,* 119 Cal. 139 [51 Pac. 38]), and it follows that the matters of fact set forth in petitioner's final pleading, pertaining to the settlement of the estate of said deceased and the discharge of the administratrix, being admittedly matters of fact not appearing in any part of the judgment-roll, but depending for their establishment upon extrinsic proof, which, as we have already seen, is wholly inadmissible in a collateral attack, cannot be allowed to impeach the integrity of the judgment.

**[7]** Petitioner's contention that the judgment is void is based upon the theory that under all circumstances a judgment rendered for or against a dead person is void, and he likens the situation of the plaintiff administratrix herein to that of a party plaintiff who has died since the commencement of an action, but in whose name the judgment is nevertheless rendered. In support of such theory he cites the *Estate of Parsell,* 190 Cal. 454 [25 A. L. R. 1561, 213 Pac. 40]. Conceding that the analogy drawn by petitioner between the two cases is a logical one, we are unable to agree with his contention that under all circumstances a judgment is void where it is rendered for or against a deceased party, and the *Estate of Parsell,* as we understand it, does not so hold. Freeman on Judgments states the rule as follows: "If an action is begun by and against living parties, over whom the court obtains jurisdiction, and some of them subsequently die, it is not thereby deprived of its jurisdiction; and while it ought

not to proceed to judgment without making the representatives or successors in interest of the deceased parties to the action, yet if it does so proceed its action is irregular merely, and its judgment is not void collaterally, particularly where the fact of death is not shown by the record'' (1 Freeman on Judgments, p. 885, sec. 406). The rule just quoted has been followed in a number of cases in this state (*Todhunter* v. *Klemmer*, 134 Cal. 60 [66 Pac. 75]; *Tyrell* v. *Baldwin*, 67 Cal. 1 [6 Pac. 867]; *Phelan* v. *Tyler*, 64 Cal. 80 [28 Pac. 114]; *Martin* v. *Wagner*, 124 Cal. 204 [56 Pac. 1023]; *Wallace* v. *Center*, 67 Cal. 133 [7 Pac. 441]), and is summarized in Californa Jurisprudence as follows: ''But the death of a party pending suit does not render a judgment for or against him after death void, although there was no substitution of his representative; it is merely voidable'' (14 Cal. Jur., p. 928). In *Todhunter* v. *Klemmer, supra*, it is said: ''But the *dictum* in that case cited (*McCreary* v. *Everding*, 44 Cal. 284) has been expressly overruled by the later decisions of *Phelan* v. *Tyler*, 64 Cal. 82 [28 Pac. 114], and *Tyrrell* v. *Baldwin*, 67 Cal. 2 [6 Pac. 867], where it is held that the death of a party pending suit does not oust the jurisdiction of the court, and hence that the judgment is voidable only, not void. This does not mean that a judgment can be really rendered for or against a dead man, but that it can be rendered nominally for or against him, as representing his heirs, or other successors, who are the real parties intended.'' And in *Phelan* v. *Tyler, supra*, in giving the reason for the rule the court says: ''There is nothing in the Code which would justify the inference that the death of a party pending an appeal ousts the jurisdiction of the Supreme Court and renders its judgment void unless before the rendition thereof a representative of said deceased party be substituted in his stead . . . The reason why, 'in such cases, the judgment is simply erroneous, but not void, . . . is because the court having obtained jurisdiction over the party in his lifetime, is thereby empowered to proceed with the action to final judgment; and while the court ought to cease to exercise its jurisdiction over a party when he dies, its failure to do so is an error to be corrected on appeal if the fact of the death appears upon the record, or by writ of error *coram nobis* if the fact must be

shown *aliunde.'* (Freeman on Judgments, 153.)'' The
decision in *Martin* v. *Wagner, supra,* is to the same effect,
the court saying: ''In this state, however, it has been de-
cided that when in his lifetime, jurisdiction of the party
and of the subject matter has been acquired, the rendition
of a judgment after his death, without substitution of par-
ties, is not void, but at most erroneous'' (citing *Phelan* v.
*Tyler, supra,* and *Wallace* v. *Center, supra*). The early
case of *Gregory* v. *Haynes,* 21 Cal. 443, holds that even
where substitution has been made, the entry of judgment
in the name of the deceased does not invalidate the judg-
ment collaterally. True, a judgment cannot be rendered
for or against a party who was dead at the time the action
was begun, and if such judgment be rendered it is wholly
void and may be attacked collaterally (1 Freeman on Judg-
ments, p. 884, sec. 406). This doctrine has been held
to apply to corporations which had been dissolved be-
fore the commencement of the action in which they were
made parties (*California Nat. Supply Co.* v. *Flack,* 183
Cal. 124 [190 Pac. 634] ; *Crossman* v. *Vivienda Water Co.,*
150 Cal. 575 [89 Pac. 335]). But the proceeding before us
does not fall within the rule just stated because the plain-
tiff here was the qualified and acting administratrix at
the time of and subsequent to the commencement of the
action. The decision in the *Estate of Parsell, supra,* cited
and relied upon by petitioner, does not establish any dif-
ferent rule. There a direct appeal was taken from a
modified decree of distribution by which the probate court
sought to modify its original decree wherein it had dis-
tributed a portion of the estate to a deceased person, the
fact of the death of said distributee affirmatively appear-
ing in the record; and it was held on appeal that the origi-
nal decree could not be so modified because it was wholly
void, the court saying: ''The decree of distribution is in
the nature of a judgment (citing numerous cases). A
judgment rendered for or against a dead person is void
(*De Leonis* v. *Walsh,* 140 Cal. 175, 178 [73 Pac. 813]),
with certain exceptions (sec. 669, Code Civ. Proc.; *Fox* v.
*Hale & Norcross S. M. Co.,* 108 Cal. 478 [41 Pac. 328] ;
*Estate of Page,* 50 Cal. 40) not applicable to the facts of
this case.'' The statement made therein to the effect that
a judgment rendered for or against a dead person is void

must be interpreted in the light of the state of facts there under consideration, and evidently was not intended to be a broad and absolute rule applying to all cases where a judgment is rendered for or against a deceased party, for the reason that the statement itself notes certain exceptions wherein *valid* judgments may be rendered against deceased parties, and it does not pretend to deal with that middle class of cases represented by the authorities hereinabove cited wherein judgments against deceased parties are held to be neither void nor valid, but at most erroneous and consequently voidable. The judgment in question manifestly belongs to that middle class, and therefore is immune from collateral attack.

[8] Furthermore, it would appear that since said judgment is not void, whatever objections petitioner may have had to its irregularity were involved in the appeal which was subsequently dismissed, and that he is concluded by such judgment of dismissal (*Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535]; *Michelin Tire Co.* v. *Bentel,* 184 Cal. 315; [193 Pac. 770]; *Estate of Chase,* 169 Cal. 625 [147 Pac. 461]), and may not now invoke the aid of this remedy in prohibition to serve the purposes of the appeal which has already been dismissed.

[9] The judgment herein, which was obtained by former counsel for Mrs. Hecker, was by its terms made payable to Barbara Hecker in the dual capacity of administratrix and sole heir of said estate. The entire estate being distributed to her, she became the successor in interest, as such distributee, to the fruits of said judgment (*Blinn Lumber Co.* v. *McArthur,* 150 Cal. 610 [89 Pac. 436]). Barbara Hecker therefore is the only person entitled to enforce the judgment or to receive the amount due thereunder, and since petitioner under the circumstances cannot possibly be called upon to pay the judgment a second time it can make no difference to him whether he pays the amount thereof to Barbara Hecker as administratrix or as sole heir and distributee of said estate. Any question which might afterward arise as to whether the money so paid belonged to the estate of her deceased son or to Barbara Hecker personally is a matter that must concern the estate's creditors and not its debtors. For the foregoing reasons we believe that the question of the validity of said

order of substitution, which can in no sense be considered an amendment to the judgment, is not vital to the enforcement of said judgment. [10] Moreover, a transferee's right of substitution is permissive, resting in the discretion of the court, and, under some circumstances, may be granted following the rendition of judgment (*Fay v. Steubenrauch*, 138 Cal. 656 [72 Pac. 156]). Petitioner was, therefore, afforded a complete and adequate remedy by appeal, to correct any irregularity growing out of the substitution herein; and this is true even though a jurisdictional question be involved (*Glougie* v. *Superior Court*, 169 Cal. 675 147 Pac. 972]; *Lindley* v. *Superior Court*, 141 Cal. 220 [74 Pac. 765]; *Jacobs* v. *Superior Court*, 133 Cal. 364 [85 Am. St. Rep. 204, 65 Pac. 826]; *White* v. *Superior Court*, 110 Cal. 54 [42 Pac. 471]; *Agassiz* v. *Superior Court*, 90 Cal. 101 [27 Pac. 49]; *Johnston* v. *Superior Court*, 4 Cal. App. 90 [87 Pac. 211]). In that situation prohibition does not lie, the rules applying to immunity of judgments generally from collateral attack applying with equal force to orders of court (*Galvin* v. *Palmer*, 134 Cal. 426 [66 Pac. 572]; *Rowe* v. *Blake*, 112 Cal. 637 [44 Pac. 1084]; *Clark* v. *Sawyer*, 48 Cal. 133; *Agoure* v. *Peck*, 17 Cal. App. 759 [121 Pac. 706]).

For the reasons above stated the writ is denied.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1925, and a petition by petitioner to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 24, 1925.

All the Justices present concurred.