[Civ. No. 6034.  First Appellate District, Division One.—March 27, 1928.]

BARBARA HECKER, Respondent, v. WALTER HOGAN, Defendant; J. A. COLEY et al., Appellants.

J. L. Smith and H. M. Anthony for Appellants.

Harry I. Stafford and Dean Cunha for Respondent.

KNIGHT, J.—This is an appeal from a judgment entered against appellants as sureties on a bond given on appeal to stay the execution of a money judgment in the sum of $11,890, rendered against Walter Hogan in an action to recover upon several promissory notes.

The record discloses that the action was commenced by "Barbara Hecker, as administratrix of the estate of Charles Valentine Hecker, deceased," and on February 19, 1924, judgment was rendered in favor of "plaintiff, Barbara Hecker, administratrix of the estate of Charles Valentine Hecker, deceased, *and sole heir of said estate.*" (Italics ours.) Hogan appealed to the supreme court, but on respondent's motion the appeal was dismissed. Two days after the *remittitur* was filed in the trial court, and on April 10, 1925, pursuant to a motion presented on behalf of

Mrs. Hecker, an order was made and entered which, after reciting that the promissory notes sued upon had been distributed to Barbara Hecker by virtue of the decree of distribution made and entered in the matter of the estate of her deceased husband, ordered that "Barbara Hecker, an individual, be . . . substituted as plaintiff herein in place and stead of Barbara Hecker as administratrix," etc. Hogan failed to satisfy the judgment, and on April 18, 1925, on motion of Barbara Hecker as plaintiff in the action, judgment was entered against appellants as sureties on the stay bond given on Hogan's appeal.

The contentions appellants make on this appeal are centered upon the order of substitution of the party plaintiff, it being claimed that at the time said order was made "there was no administratrix in existence" because the estate of Charles Valentine Hecker had been closed and the administratrix discharged; that consequently Barbara Hecker as an individual obtained no valid judgment against Hogan and that, being invalid against Hogan, the judgment is unenforceable against his sureties; also that "the undertaking given by appellants only authorized the entry of said judgment in favor of the administratrix and not in favor of Barbara Hecker as an individual," and therefore the obligation accruing thereunder did not inure to the benefit of the latter.

The present appeal was taken direct to the supreme court upon a "clerk's transcript," certified to by the trial judge, and containing the pleadings, decision, and judgments in the action, also certain motions and orders, most of which formed a part of the judgment-roll in the action. But it appears that the points appellants urged in their opening brief for a reversal of the judgment were admittedly founded on certain documents not embodied in the transcript, nor in any manner legally made a part thereof. They were attached to appellants' brief as an appendix, and consisted of the decree of distribution and order of discharge of administratrix in the matter of the estate of Charles V. Hecker, deceased, and the undertaking on appeal. In that state of the record appellants endeavored, by means of a motion for diminution of the record, to have said documents incorporated in the record on appeal, but the supreme court denied the motion. Later appellants presented a similar

motion, and acting upon the assumption that it would be granted, re-stated, and re-argued the same points for reversal in their closing brief, and with respect thereto, say: "These same papers have been included in the appendix, and referred to in appellants' brief to be considered by this court *in the event alone that appellants' motion last referred to should be granted,* and for the further purpose of showing to this court wherein such papers were material to the consideration of the appeal herein. Had these papers and arguments not been included therein, then the motion for diminution would have been without purpose. Appellants know the inclusion of such papers in the appendix, and the reference to same in said brief will not be construed as an impropriety or a 'brazen and contemptuous act of effrontery' (as charged by respondent) on the part of appellants herein. *The papers and arguments based thereon will naturally be disregarded by the court if the motion for reconsideration of appellants' motion for diminution of record herein is not granted,* but appellants believe that the motion is a meritorious one and respectfully ask that the documents in question may be considered in connection with the appeal." (Italics ours.)

But the supreme court denied appellants' second motion for diminution of the record; and consequently the effect of such denial has been to nullify the main points urged for a reversal of the judgment, there being nothing in the transcript to support them.

Aside from the matter of the fatal defect in the record on appeal, however, it may be stated that the points now urged by appellants against the regularity of the judgment against Hogan have been heretofore considered and passed upon by this court adversely to appellants' contention in a proceeding brought by Hogan against the superior court to prohibit the enforcement of said judgment against him as it stood after the order of substitution had been made (*Hogan* v. *Superior Court,* 74 Cal. App. 704 [241 Pac. 584]); and in the ninth point dealt with in the decision therein it was in effect held that the judgment was valid and enforceable against Hogan. That being so, it is enforceable against the sureties on his bond to stay the execution thereof.

■ As to the undertaking, it shows by its terms that the obligation accruing thereunder inures to the benefit of the plaintiff in the action and not to any particular person; and the record shows that prior to and at the time of the entry of the judgment against the sureties, Barbara Hecker was the plaintiff in the action; consequently she was entitled to enforce the obligation against the sureties. (*Todhunter* v. *Klemmer,* 134 Cal. 60 [66 Pac. 75].)

■ Appellants make the further contention that the clerk did not enter the judgment as directed by the court; but there is no merit in the point. The minute order thereof, which was made subsequent to the order of substitution, reads: "In this cause (entitled *Barbara Hecker* v. *Walter Hogan et al.*), on motion of counsel for the plaintiff, it is ordered that judgment be, and the same is hereby granted in favor of the plaintiff and against the sureties, J. A. Coley and J. L. Craig, as prayed for"; and the judgment as entered is entitled "*Barbara Hecker, Plaintiff,* v. *Walter Hogan, Defendant,*" and reads, after the usual recitals: " . . . it is ordered, adjudged and decreed, that Barbara Hecker, substituted plaintiff in place of Barbara Hecker, administratrix, plaintiff, do have and recover from J. A. Coley and J. L. Craig, defendants," etc.

In our opinion the appeal is utterly without merit. The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 24, 1928.

All the Justices concurred.